■ In the Matter of FAITH FOR TODAY, INC., Appellant, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.— In a proceeding under article 78 of the Civil Practice Act to review a determination of the respondent Board of Standards and Appeals of the City of New York, which affirmed a determination of the Superintendent of Buildings denying petitioner's application for an alteration permit, petitioner appeals from an order of the Supreme Court, Queens County, dated December 28, 1959, dismissing its petition and sustaining the determina-

tion of the respondent board. Petitioner, a membership corporation, is a branch of the Seventh Day Adventists denomination and is a philanthropic and eleemosynary institution. Its purpose, as stated in its certificate of incorporation, is to conduct religious services through the medium of television or radio, and to operate and maintain a school and facilities to teach moral and religious knowledge by correspondence and other instrumentalities. In 1952, petitioner acquired the premises in question, located at 71st Ave. and 110th St., Forest Hills, Queens, in a residence use district. The premises then included a 2½-story dwelling. Pursuant to approval, petitioner thereafter altered the building for use as an office and place to carry out its functions. In 1956, petitioner filed plans for the further alteration of the premises by adding a two-story and cellar extension and expanding the present use to include a dining room, kitchen, printing shop, storage room, chapel, Bible classroom and private garage and parking area. The plans were disapproved by the Superintendent of Buildings on the ground that the proposed conversion to use as an office building was contrary to section 3 of article 2 of the New York City Zoning Resolution, which prohibits the erection of buildings other than dwellings, but with certain exceptions. Petitioner sought reconsideration on the ground that it is a philanthropic and eleemosynary institution and as such its proposed use to carry out its functions is permitted under the exceptions. Reconsideration was refused. On appeal, the Board of Standards and Appeals affirmed the determination of the Superintendent of Buildings and denied the application by a vote of 3 to 2 on the recommendation of a committee which, after inspection of the premises, was of the opinion that, irrespective of petitioner's purpose, " the actual producing of material, telecasts and television programs for propagation of the Gospel " is not a proper use in a residential use district. Petitioner then instituted this proceeding. In its petition and supporting affidavit it stated that it produces and conducts television programs and correspondence courses; that it receives and answers 8,000 letters a week; that in the past two years it has mailed out more than 100,000 Bibles and portions of the Scriptures; that to carry out its purposes and functions it uses modern office machinery and equipment, such as postage meters, automatic typewriters, mail-opening and sealing machines, teletype machines, addressograph machines, recording apparatus and a small offset press which prints the Bible lessons, questions and answers and form letters; and that all its equipment will be housed in soundproof rooms without window lights, with all sounds eliminated. Respondents in their answer and return opposed the petition on the ground that the proposed use is not a permitted use under the Zoning Resolution; that petitioner's activities constitute manufacturing under subdivision 9 of section 2 of the Labor Law; and that manufacturing is not within the purview of an eleemosynary institution's activities. The Special Term dismissed the petition on the ground that petitioner's activities were those of a " factory ", which is not permitted in a residential use district. Order reversed on the law, without costs, petition granted, determinations of the Board of Standards and Appeals and of the Superintendent of Buildings annulled, and matter remitted to respondents for the purpose of directing the Superintendent of Buildings to issue the alteration permit sought by petitioner. The findings of fact are affirmed. In our opinion the New York City Zoning Resolution does not prohibit petitioner from carrying out its functions in its proposed manner in the residential use district. (*Cromwell* v. *American Bible Soc.*, 202 App. Div. 625.) " The restrictions on the use of property imposed by the Zoning Ordinance may not be extended by any administrative board or judicial tribunal in order to exclude a use which in its opinion should have been excluded in order to effectuate the purposes set forth in the preamble, nor may we give a strained

meaning to the words of the ordinance in order to effectuate its purpose better." (*Westchester County S. P. C. A.* v. *Mengel*, 292 N. Y. 121, 126.) " It is for the courts, not for administrative boards, to determine what action is within, or without the law. * * * ' Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.' (*Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157, 162.) " (*Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 52.) Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.