■ In the Matter of the Claim of DORIS C. SEYMOUR, Respondent, v. DANIEL SOKOLNECK et al., Appellants, and PUBLIC SERVICE MUTUAL INSURANCE Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board, filed May 15, 1969. Claimant's husband was employed as a taxicab driver in the City of New York. On August 16, 1968 he stopped his cab for a traffic light, whereupon his cab was struck in the rear by another vehicle. He immediately got out of his cab, collapsed and died. The autopsy report stated the cause of death to be " occlusive coronary arteriosclerosis, myocardial hypertrophy and multiple infarcts ". The board determined that there is medical evidence indicating that the death was directly related to the accident, and was caused by severe emotional stress which induced ventricular fibrillation and death. Appellants contend that the death was not related to the accident, but was caused by the natural progression of an underlying heart disease and further there was no evidence to support the finding of severe emotional stress and the finding of accidental injury. Dr. Cohen, claimant's medical expert, testified that " In this situation there was such a close temporal relationship, time relationship between the time of the accident and the sudden death that I would assume that ventricular fibrillation had been induced by the severe emotional stress and adrenal outpouring ", and that the " patient had unusual stress and outpouring of adrenalin which made his myocardium especially susceptible to ventricular fibrillation as a result of the accident ". Dr. Cohen noted that, since the autopsy findings showed no new evidence of myocardial damage, they were not inconsistent with his conclusion that ventricular fibrillation was the immediate cause of death. Dr. Matis testified for appellants that the accident and death were not causally related and that death was the result of the natural progression of underlying heart disease. This opinion was premised upon the doctor's conclusion that the auto accident would not have caused emotional stress since it had produced no physical trauma, or psychological trauma. Dr. Matis did state, however, that whether the death was precipitated by ventricular fibrillation was problematical but, that in this particular case, psychological trauma could have caused ventricular fibrillation although he thought it was remote. Where there is conflicting medical testimony, the board is free to choose either, providing its choice finds factual support in the record. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; *Matter of Prue* v. *Empire Scrap Metals*,

32 A D 2d 680.) On this record there is sufficient testimony to the effect that the incident described was sufficient to cause ventricular fibrillation and death, and that the autopsy showed no other competent cause of death. An injury caused by emotional stress and strain without the presence of physical impact to the body may be found to be accidental within the purview of the Workmen's Compensation Law. (*Matter of Eckhaus* v. *Adeck Stores,* 11 N Y 2d 862; *Matter of Klimas* v. *Trans Caribbean Airways,* 10 N Y 2d 209; *Matter of Nutik* v. *Bienstock & Pollack,* 28 A D 2d 1017; *Matter of Wachsstock* v. *Skyview Transp. Co.,* 5 A D 2d 1028.) There is substantial evidence, here, to support the board's determination, and it should not be disturbed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J.