■    In the Matter of the Claim of FRANK J. LO DOLCE, Respondent, v REGIONAL TRANSIT SERVICE, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 24, 1979, as amended by decision filed September 25, 1979. The record establishes beyond any dispute that the claimant was discharged because of lost time due to an employment related accident. Such a dismissal explicitly violates section 120 of the Workers' Compensation Law, which states, in pertinent part: "It shall be unlawful for any employer * * * to discharge or in any manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer". The employer's assertion before the board that proof as to its policy of discharging any employee because of excessive absenteeism should be permitted was properly rejected by the board as irrelevant to the treatment of this employee. In this case the discharge was solely because of the work-related accident and the underlying policy as to absenteeism expressly included such incidents. The employer has failed to establish any error of law on the part of the board and the decision appealed from is supported by substantial evidence in the record as a whole. Decision affirmed, with costs to the Workers' Compensation Board against the employer. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

■    In the Matter of the Claim of PATRICIA NICHOLAS, Appellant, v UNIONDALE SCHOOL DISTRICT, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed July 5, 1979, which established claimant's wage rate on the basis of her actual earnings of $40.50 per week. The board found "that the claimant limited her employment to ten months a year, that the claimant was not engaged in dual employment or receiving two salaries, and that the wage rate should be fixed on the basis of her actual earnings of $40.50 per week." The board's decision is supported by substantial evidence and, therefore, claimant is not entitled to have her average weekly wage fixed pursuant to subdivision 3 of section 14 of the Workers' Compensation Law (see *Matter of Pfeffer v Parkside Caterers,* 42 NY2d 59). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.