■ In the Matter of the Claim of LILLIE M. GRIFFIN, Respondent, v EASTMAN KODAK COMPANY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 21, 1980. The narrow issue presented on this appeal is whether an employer violates section 120 of the Workers' Compensation Law by terminating an employee, who previously has been warned about excessive absences, after the employee is again absent, where the latter absence is due to a work-related compensable injury. Section 120 provides that "It shall be unlawful for any employer * * * to discharge * * * an employee * * * because such employee has claimed or attempted to claim compensation from such employer". This court has previously found a violation of this statute where an employee was discharged due to lost time resulting from a work-related accident *(Matter of Lo Dolce v Regional Tr. Serv.,* 77 AD2d 697, mot for lv to app den 51 NY2d 706). The employer seeks to distinguish this case on the ground that here all of the absences prior to the final warning were unrelated to compensable injuries, while in *Lo Dolce (supra)* all of the prior absences were due to work-related accidents. In our view, however, this is a distinction without a difference, for in each case the final absence that triggered the employee's discharge was due to injuries sustained in a work-related accident. Accordingly, we agree with the board that the employer herein has violated section 120 of the Workers' Compensation Law. A contrary conclusion would tend to discourage employees who have received warnings concerning absenteeism from reporting work-related injuries and seeking medical attention and compensation. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.