■ In the Matter of the Claim of FREDERICK WILTSHIRE, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed January 26, 1981 and May 20, 1981, which found that Consolidated Edison Company of New York, Inc., had discriminated against claimant within the meaning of section 120 of the Workers' Compensation Law. Claimant was a junior accountant for Consolidated Edison who sustained a work-related back injury on March 24, 1977. He received compensation benefits for intermittent lost time at various rates over the next three years. Meanwhile, on July 5, 1978, claimant filed a discrimination complaint against the employer alleging that he had been discriminated against due to his compensation claim in violation of section 120 of the Workers' Compensation Law. The discrimination complaint was sustained by a hearing officer and the determination complied with by the employer without appeal. On December 15, 1978, claimant was sent to the hospital by his supervisor when he complained of back pain. When claimant next returned to work one week later to pick up his paycheck, a dispute arose as to whether claimant would be paid without first submitting medical proof for his absence. Finally, by letter dated December 27, 1978, claimant was summarily discharged due to his absence and charged with gross insubordination. Claimant again filed a discrimination complaint alleging that he was terminated as a result of his compensation claim in violation of section 120 of the Workers' Compensation Law. The hearing officer found that there was unlawful discrimination, fined the employer $500 and ordered reinstatement of claimant with back pay. The determination was affirmed by the board and this appeal by the employer ensued. The board's amended decision states in pertinent part: "Upon review of the record, a majority of the Board Panel finds based on the testimony of the claimant, that the cumulative events starting with the claimant's filing of his first discrimination complaint on 7/5/78 and culminating in the claimant's discharge in December of 1978 evidenced a pattern of deliberate retaliation against the claimant for exercising his statutory rights under the Workers' Compensation Law." When reviewing board decisions finding retaliatory discrimination under the Workers' Compensation Law, we are aware of the proof problems normally associated with trying to prove discriminatory intent by an employer (see *Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1). With these problems in mind, and in view of the board's broad authority to resolve factual questions based on credibility of the witnesses and draw any reasonable inferences from the evidence submitted, we cannot say that the decision in this matter finding that Consolidated Edison terminated claimant in retaliation for his pursuit of the compensation claim was not supported by substantial evidence. Accordingly, the board's decisions must be affirmed. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.