■ In the Matter of the Claim of ROSALYN DUBNOFF, Respondent, v FEATHERS SPORTSWEAR, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed November 20, 1979 and April 29, 1981. Appellants, the employer and its carrier, seek reversal of an award made by the Workers' Compensation Board (board) to the claimant widow. They claim the board's findings of an employer-employee relationship and of accidental injury and causally related death are not sustained by substantial evidence. There was testimony before the board that decedent worked as a sales manager at the employer's premises in return for a fixed weekly salary, that he labored exclusively for the employer, was prohibited from working for a competitor, and that the employer retained the privilege of discharging decedent if his performance proved unsatisfactory. On these facts, it was within the board's province to conclude that an employer-employee relationship existed (*Matter of Brown v Time, Inc.,* 71 AD2d 774; *Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, mot for lv to app den 43 NY2d 648). Appellants' other argument is similarly devoid of merit. There was medical testimony that decedent's myocardial infarction, which resulted in his injury and death two months later, was precipitated by a furious argument had with his supervisor while at work. Such an injury may be found to be accidental under the Workers' Compensation Law (*Matter of Seymour v Sokolneck,* 34 AD2d 1073). Since appellants failed to urge upon the board their

contention that there is no substantial evidence that an argument truly occurred, we are unwilling to entertain that suggestion now (*Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130). Decisions affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.