■ In the Matter of the Claim of BEATRICE R. MURTAUGH, Respondent, v BANKERS TRUST COMPANY OF ALBANY, N. A., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 15, 1982. On July 12, 1977, claimant filed a claim for disability benefits with her employer because of a non-work-related back condition. After three weeks of bed rest claimant took two weeks of vacation leave, returning to work in the latter part of August, 1977. Thereafter, claimant was hospitalized from October 23 to October 29, 1977. In connection with a claim for disability benefits for the month of October, 1977, claimant's physician reported that he might be able to give claimant a date when she could return to work at the time of her next visit, November 20, 1977. On November 14, 1977, the employer advised claimant that because of her doctor's statement and the fact that she had already been absent for 40 work days, her employment was terminated as of November 11, 1977. Claimant subsequently filed a discrimination complaint dated October 29, 1978 with the board in which she stated that she had been discharged because of her disability claim in contravention of the Workers' Compensation Law. On April 15, 1982, the board affirmed the hearing officer's decision holding that the employer had violated the applicable law. This appeal by the employer ensued. Unquestionably, section 120 of the Workers' Compensation Law makes it unlawful for an employer to discharge an employee because he or she has claimed or attempted to claim workers' compensation benefits. Section 241 of the same law expressly incorporates the prohibition of section 120 into the article dealing with disability benefits. These sections were added in 1973 (L 1973, ch 235) to guarantee an employee's right to compensation or disability benefits without fear of retaliation by the employer in the form of discharge from employment. However, to invoke the provisions of sections 120 or 241 there must be a nexus between the claim by the employee and the negative reaction of the employer. The unproductive, unco-operative or unqualified employee cannot be permitted to avoid discharge by merely filing a claim for compensation or disability benefits. As noted by the Court of Appeals in *Matter of Axel v Duffy-Mott Co.* (47 NY2d 1), an employer has a right to present its position to the board that a discharge was for a reason other than that proscribed by sections 120 and 241 of the Workers' Compensation Law. Here, since claimant had been absent from work for 40 days, including two weeks of vacation, and her doctor was unable

to give a positive date when she would be able to return to work until he examined her on November 20, 1977, the board found that the employer's act of terminating claimant's employment effective November 11, 1977 could not be equated with a reason sufficient to distinguish the discharge from that prohibited by section 241 (see *Matter of Griffin v Eastman Kodak Co.,* 80 AD2d 689, mot for lv to app den 55 NY2d 605). Within the proscription of substituting our view of the merits of a controversy for that of the board, we are constrained to affirm the board's resolution of the factual issue presented by this case since it is supported by substantial evidence. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.