In the Matter of the Claim of BERTHLYN DUNCAN, Appellant, v NEW YORK STATE DEVELOPMENTAL CENTER, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 28, 1983

APPEARANCES OF COUNSEL

*Lowenberger & Gitter* (*Robert Bergman* of counsel), for appellant.

*Paul R. Kietzman* (*Robert J. Foody* of counsel), for New York State Developmental Center, respondent.

**OPINION OF THE COURT**

WEISS, J.

Following a work-related injury on February 2, 1976, the employer paid claimant full wages to September 23, 1976 and half pay until November 3, 1976, after which she was on unpaid sick leave until February 1, 1977. On February 1, claimant was terminated for absence in excess of one year. Although the compensation carrier's physician found claimant able to work on March 28, 1977, at which time compensation benefits were terminated, the Civil Service Employee Health Service examining physician reported her still disabled on September 7, 1977. Ultimately, a Civil Service Law reinstatement examination pursuant to sec-

tion 71 of the Civil Service Law showed she recovered and was able to work on May 31, 1978. Claimant filed a complaint against the employer, New York State Developmental Center, on August 3, 1978 alleging violation of section 120 of the Workers' Compensation Law. She was restored to her former position on September 22, 1978. A law judge held that the employer, which defaulted in appearance three times, had violated the law and ordered reinstatement as of February 1, 1977, awarding back pay from March 4, 1977 to March, 1979. The board reopened and restored the case for reconsideration and a law judge again held the employer guilty of discrimination which decision was again affirmed by the board on December 10, 1980. Before the employer's appeal to this court was heard, the board, on June 16, 1981, rescinded its decision and on March 24, 1982, after a hearing upon the entire record, reversed the previous determination, holding that there had been no discrimination. The employer's appeal was withdrawn and claimant brought this appeal.

The record demonstrates that the employer terminated claimant on February 1, 1977, exactly one year after her injury occurred and absence from work commenced, citing section 71 of the Civil Service Law as authority for the dismissal. Section 120 of the Workers' Compensation Law states, in pertinent part, "[i]t shall be unlawful for any employer * * * to discharge or in any other manner discriminate against an employee * * * because such employee has claimed or attempted to claim compensation" (emphasis added). This court has upheld the board's rejection of any policy which permits discharge for absenteeism solely because of work-related injury (*Matter of Lo Dolce v Regional Tr. Serv.*, 77 AD2d 697, mot for lv to app den 51 NY2d 706). The employer contends that its action was mandated by the attendance rules of the Civil Service Department (4 NYCRR 21.8 [h]) and that the reinstatement was subject to section 71 of the Civil Service Law. Although section 73 of the Civil Service Law provides for permissible termination of an employee whose absence exceeds one year due to nonoccupational disability, no similar provision is provided either by statute, rule or regulation for absence exceeding one year which results from work-related dis-

ability. The employer's contentions to the contrary notwithstanding, we conclude that an employee may not be discharged for absence due to occupational injury (*Matter of Lo Dolce v Regional Tr. Serv.,* 77 AD2d 697, *supra;* see, also, *Matter of Griffin v Eastman Kodak Co.,* 80 AD2d 689, mot for lv to app dsmd 53 NY2d 1028; *Matter of Ross v Town Bd. of Town of Ramapo,* 78 AD2d 656). Section 71 of the Civil Service Law provides only a one-year leave of absence for work-related injury and a procedure entitling the employee to seek reinstatement. The attendance rules (4 NYCRR 21.8 [h]) simply empower an appointing authority to resolve any doubt as to the employee's physical or mental ability to work by securing a physician's opinion thereon. While it is well settled that the construction given statutes and regulations by an agency responsible for their administration, if not irrational or unreasonable, will be upheld (*Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Condé Nast Pub. v State Tax Comm.,* 51 AD2d 17, 19), the Workers' Compensation Board has only the authority granted it under section 142 of the Workers' Compensation Law. It has no authority to interpret the Civil Service Law (see *Matter of Faith for Today v Murdock,* 11 AD2d 718, affd 9 NY2d 761). We agree with the employer's contention that the record is devoid of evidence that claimant's discharge was retaliatory. Nevertheless, claimant was conclusively terminated on February 1, 1977 because of her one year of absence due to disability from a work-related injury. Since *either* discharge *or* discrimination are unlawful (Workers' Compensation Law, § 120), it was error for the board to find otherwise.

The issue of the date of restoration of benefits requires reconsideration by the board inasmuch as there is conflict between the date the compensation carrier's physician found her capable of work and the date the civil service doctor certified her recovered.

The decision should be reversed, with costs to claimant against the employer, and claimant ordered reinstated to her former position; the case should be remitted to the board for determination of the effective date of reinstatement and an award of benefits.

MAHONEY, P. J., SWEENEY, KANE and CASEY, JJ., concur.

Decision reversed, with costs to claimant against the employer, and claimant ordered reinstated to her former position; case is remitted to the board for determination of the effective date of reinstatement and an award of benefits.