■ In the Matter of the Claim of BETTY A. CORMIER, Respondent, v CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 27, 1982, as amended by decision filed July 26, 1982, which ruled that the employer discriminated against claimant in violation of section 120 of the Workers' Compensation Law. Claimant was working for her employer as a licensed practical nurse when, on February 1, 1975, she sustained a severe work-related injury to her back. Compensation was awarded for various periods of total and partial disability. Following a period of hospitalization resulting from a recurrence of her back injury in June of 1977, claimant returned to work on July 18, 1977. She was discharged the following day because of excessive absenteeism. Claimant subsequently filed a discrimination complaint with the Workers' Compensation Board. The hearing officer found that the employer had violated section 120 of the Workers' Compensation Law by discriminating against claimant due to her having filed a claim against the hospital for a compensable accident and for her absences from work due to the compensable injury. A penalty of $100 was imposed against the employer who was also directed to reinstate claimant to her former position with back pay. The board upheld the finding that claimant had been terminated in violation of section 120. However, since the board specifically found that claimant had ceased to be qualified to perform her regular duties as a licensed practical nurse on July 18, 1977, her last day at work, the board ruled that the employer was not required to reinstate or compensate claimant. By amended decision, the board clarified its earlier decision and upheld the imposition of the $100 penalty by the hearing officer. On this appeal by the employer, it is argued that the board's decision finding a violation of section 120 of the Workers' Compensation Law and imposing a $100 penalty is inconsistent with the finding, not appealed by claimant, that she had ceased to be qualified to perform her regular duties on the date she was discharged. We agree. Both the language of section 120 and its legislative history (see

Department of Labor Memorandum, NY Legis Ann, 1973, p 244) indicate the Legislature's desire to preserve an employer's right to discharge those employees who are no longer able to perform the duties of their position as the result of a work-related accident. To adopt the board's position and hold that an employer who exercises that right is in technical violation of section 120 and thus subject to the monetary penalty contained therein is illogical and unfair (see Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law, § 120 [1982-1983 supp], pp 54, 55). Bifurcating the statute in such a fashion would do nothing to further the laudable objectives of the section since it would not provide any relief to claimants who, no longer able to carry out their duties, are not entitled to restoration of their positions or back pay. Instead, such a construction would only act to penalize employers for the unfortunate effects of injuries to their employees and would constitute nothing more than a revenue generating measure for the Workers' Compensation Board (cf. *Matter of Griffin v Eastman Kodak Co.*, 80 AD2d 689, mot for lv to app den 55 NY2d 605 and *Matter of La Dolce v Regional Tr. Serv.*, 77 AD2d 697, mot for lv to app den 51 NY2d 706 [where violations of section 120 were upheld in the absence of a finding that claimants had ceased to be qualified to perform their regular duties]). Accordingly, in view of the board's unchallenged finding that claimant had ceased to be qualified to perform her regular duties on the date she was terminated, that portion of the board's decision imposing a penalty of $100 for violation of section 120 of the Workers' Compensation Law must be reversed. Decision modified, with costs to the employer against the Workers' Compensation Board, by reversing so much thereof as imposed a penalty of $100, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.