■ In the Matter of the Claim of IDA SOLOMON, Appellant, v COHN, GLICKSTEIN, LURIE, OSTRIN & LUBELL, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board,

filed August 6, 1982. Claimant, employed as a secretary from April, 1978 to July, 1979, alleges that her employer violated sections 120 and 241 of the Workers' Compensation Law when it discharged her following her absence from work due to illness. Following a hearing, the hearing officer found that the employer had not discriminated against claimant. The board affirmed this determination and this appeal by claimant ensued. Section 120, in relevant part, makes it unlawful for an employer to retaliate against an employee because she has brought or attempted to bring a workers' compensation claim. It is also a violation for an employer to discharge an employee because she has lost time due to a work-related injury (*Matter of Lo Dolce v Regional Tr. Serv.,* 77 AD2d 697). Section 241 makes this prohibition applicable to a disability claim. The burden of proving retaliation lies with the claimant (*Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 9). It is within the board's discretion to determine whether this burden has been met (*id.,* at p 6). Claimant failed to establish that she suffered a work-related injury or filed a workers' compensation or disability claim. At most she established that her employment terminated July 23, 1979 following an illness which kept her out of work from July 18 to July 20. She did not point to specific acts or statements of her employer that indicate her illness was the cause of her discharge. While she accused her employer of not co-operating in enrolling her in the firm's disability plan, there was contrary evidence that she was enrolled during the July 18 to July 20 period. For the above reasons, there is substantial evidence to support the board's determination that claimant failed to demonstrate that her employer violated either section 120 or 241 of the Workers' Compensation Law. Accordingly, the determination should be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.