■ In the Matter of the Claim of RENATE SMITH, Respondent, v MALLORY TIMERS COMPANY DIVISION OF P. R. MALLORY & COMPANY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed June 29, 1979 and July 26, 1982. Claimant sustained a compensable injury to her nose on June 20, 1977 and lost time from work as a result thereof through June 28, 1977. An additional visit to her doctor occurred on July 19, 1977. The following day claimant was presented with an "Infraction of Rules" form charging her with absenteeism and failure to make her production quota, which she was asked to sign. The form specifically charged her with missing work on June 21, 22, 23, 24, 27 and three and one-half hours on July 19, 1977. Claimant persistently refused to sign the form or return to her job, and the next day she was terminated for failure to do her assigned work. Claimant thereupon filed a discrimination complaint against her employer charging that she was fired because she filed a claim for workers' compensation (Workers' Compensation Law, § 120). A determination in favor of claimant was affirmed by the board by decision filed June 29, 1979. The employer contends that claimant had a prior record of absenteeism, which is not denied, and that the inclusion of the dates she was absent because of injury was an unfortunate mistake, and that she was not fired for absenteeism but for failure to return to work as directed by her supervisor. On this appeal, we are asked to determine what are essentially questions of credibility which were resolved by the board in favor of claimant. These determinations, as well as the inferences drawn therefrom, are within the fact-finding powers of the board and where, as here, they are supported by substantial evidence, we must affirm (*Matter of Wiltshire v Consolidated Edison Co.*, 89 AD2d 657). Other questions presented, such as claimant's demand for reinstatement to her position, back wages, whether claimant is able to perform her former duties and the availability to her of that employment, require further consideration. Subsequent to the board's decision of June 29, 1979, this case was ordered continued and further development of the record followed on these issues, as well as the average weekly wage of claimant at time of termination of employment. Specifically, the record demonstrates that due to economic conditions on January 6, 1978, all persons hired at approximately the same time as claimant were laid off and, out of 90 such employees, only 11 were rehired between January 15, 1979 and March 23, 1979, when economic conditions

improved. Moreover, company policy provided that after a period of one year, laid off employees were no longer considered to be in an employed status for purposes of seniority, but would be required to reapply for employment in the same status as any other individual seeking employment. Under the circumstances, although claimant would be entitled to back wages up to January 6, 1978, as found by the board, there is, in our view, no basis in this record to support a determination that she would be entitled to reinstatement or back wages subsequent to that date. Decision filed June 29, 1979 affirmed, with costs to the Workers' Compensation Board. Decision filed July 26, 1982 reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.