■ In the Matter of the Claim of NINA KAYE, Respondent, v BREWSTER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 4, 1983, which ruled that the employer discharged claimant in violation of section 120 of the Workers' Compensation Law. ¶ Claimant, a school bus driver, was a probationary employee of the school district when, on January 26, 1981, she suffered a compensable, work-related injury. As a result, she was unable to work from January 27 until February 1 and from February 4 until February 9. On February 12, she was discharged effective February 27, the work day prior to the last day of her probationary period. No reason was given for her discharge. ¶ An administrative law judge found that claimant was discharged in violation of section 120 of the Workers' Compensation Law. The board affirmed, and the employer has appealed. ¶ Discharge of an employee because of time lost due to a work-related accident constitutes a violation of section 120 of the Workers' Compensation Law (*Matter of Griffin v Eastman Kodak Co.,* 80 AD2d 689, mot for lv to

app dsmd 53 NY2d 1028, mot for lv to app den 55 NY2d 605; *Matter of Lo Dolce v Regional Tr. Serv.,* 77 AD2d 697, mot for lv to app den 51 NY2d 706). The instant case involves a public employer and a probationary employee. While these facts do not operate to make the statute inapplicable, it must be kept in mind that the employer had a statutory right to terminate claimant without articulating reasons at any point prior to the expiration of her probationary period (4 NYCRR 4.5; *Matter of King v Sapier,* 47 AD2d 114, 116, affd 38 NY2d 960). Still, if the reason for the termination is absenteeism due to a work-related injury, a violation of section 120 may be found. ¶ Here, claimant's supervisor testified that claimant was discharged because the employer did not wish to make her permanent due to dissatisfaction with claimant's work and attitude and because of excessive absenteeism prior to her injury. There is no proof in the record that the discharge was in response to any absenteeism which occurred after the injury. It is apparent that the board presumed that, because the discharge notice was given soon after the most recent injury-related absence, the discharge was based on such absence. This presumption overlooks the fact that, to effectively discharge claimant, the employer had to terminate her employment prior to the expiration of her probationary period and was required to give her notice of at least one week (4 NYCRR 4.5). ¶ The board's reliance on *Griffin* and *Lo Dolce* is misplaced. Those cases involved employees of private employers who had some legitimate expectation of continued employment such that their discharge after absences due to injury could be held to have been based on such absences. In this case, claimant had no expectation of employment after the expiration of her probationary term, and the evidence indicates that her discharge was not based on absence due to her injury, but on the employer's decision not to make her a permanent employee. To hold otherwise would require a public employer to make permanent any probationary employee who incurs a work-related injury during his or her probationary period out of fear that the failure to do so would be found to be a violation of section 120 of the Workers' Compensation Law. ¶ Decision reversed, and claim dismissed, with costs against the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.