■ In the Matter of the Claim of LEE C. JOHNSON, Appellant, v MOOG, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from an amended decision of the Workers' Compensation Board, filed September 21, 1984, which ruled that the employer did not discriminate against claimant in violation of Workers' Compensation Law § 241.

Claimant was discharged from his employment on July 27, 1979 because of excessive absenteeism. On this appeal, claimant contends that he was fired because he attempted to file a claim for disability benefits and, therefore, his discharge was a discriminatory act in violation of Workers' Compensation Law § 241.

Claimant had a high rate of absenteeism from work throughout his years of work with the employer. The record shows that claimant's overall time off during his five-year term of employment was 35% of scheduled work days. Further, on several occasions prior to the events leading to his discharge, counseling sessions had taken place between claimant and his supervisors to discuss claimant's excessive absenteeism and tardiness. In fact, on April 1, 1979, claimant was warned that if there was no significant improvement in his attendance, his job with the employer would be terminated. Despite such counseling and warnings, claimant was absent from work during the week ending June 30, 1979. The employer's plant was shut down for vacation from June 30, 1979 through July 9, 1979. Claimant returned to work July 10 and worked through the week ending July 14, 1979. On Monday, July 16, 1979, claimant called and informed his supervisor that he was ill. The employer did not hear from claimant again until July 24, 1979, when claimant called to request his

paycheck. He was requested to come to work to discuss his absenteeism. When claimant arrived at his place of employment, he complained of a lower back injury and stated that he was unable to see his doctor who was on vacation. His supervisor informed claimant that his absenteeism record was jeopardizing his job and requested claimant to work that afternoon. Claimant refused. His employment was terminated on July 27, 1979. Thereafter, claimant filed a notice and proof of claim for disability benefits on August 29, 1979, approximately one month after his job was terminated.

On January 7, 1982, claimant filed a complaint with the Workers' Compensation Board in which he alleged that he was discharged solely because of time lost by reason of his disability (see, Workers' Compensation Law §§ 120, 241). The claim was controverted and, after hearings, a Workers' Compensation Law Judge disallowed the claim. Such decision was affirmed by the Board and this appeal by claimant ensued.

The purpose of Workers' Compensation Law §§ 120 and 241 is to protect employees from retaliation by an employer for filing claims for compensation or disability benefits. The burden of proving retaliation is on the claimant (Matter of Solomon v Cohn, Glickstein, Lurie, Ostrin & Lubell, 97 AD2d 561, 562). An employee claiming retaliation has the burden of proving both a causal nexus between the employee's activities in obtaining compensation and the employer's conduct against the employee, so that it clearly appears that the employee attempting to exercise his rights under the compensation or disability status is treated detrimentally when compared to other groups of employees (Matter of Duncan v New York State Developmental Center, 63 NY2d 128, 134). In the absence of evidence of retaliatory intent, even an employee who is terminated because of lengthy absence from work as a result of injury, whether sustained on or off the job, is not a victim of discrimination within the scope and meaning of Workers' Compensation Law §§ 120 and 241 (supra, pp 131, 135). The statutes do not serve as a job security clause.

Here, the Board found that claimant's termination was for a legitimate reason independent of any retaliatory motive. Claimant's unauthorized absence from work from July 17 to July 24, 1979, in the context of a prior history of excessive absences, followed by counseling and warning, is evidence supportive of the Board's decision. It is well settled that it is not the role of the reviewing court to substitute its review of the factual merits of a controversy for that of an administrative agency. The Board's decision as to questions of fact and

factual references to be drawn therefrom is conclusive upon the courts if, as here, they are supported by substantial evidence *(see, Matter of Wiltshire v Consolidated Edison Co., 89 AD2d 657).*

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.