■ In the Matter of the Claim of LEO KLIMCZAK, Appellant, v GENERAL CRUSHED STONE COMPANY, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed January 17, 1984, which ruled that claimant's discharge was not from discrimination and that there was no violation of Workers' Compensation Law § 120.

Claimant, a welder, was discharged by his employer in June 1981. Claimant thereafter sought restoration to his welder position, contending that he had been wrongfully discharged for having filed a workers' compensation benefit claim (see, Workers' Compensation Law § 120).

Workers' Compensation Law § 120 makes it unlawful for an employer to discharge or otherwise discriminate against an employee because the employee has claimed workers' compensation benefits. The statute provides for the imposition of monetary penalties against an employer who violates its provisions and further provides that "[a]ny employee so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination". A claimant, however, has the burden of proving that any discrimination or discharge from employment was retaliation by the employer in violation of section 120 (Matter of Solomon v Cohn, Glickstein, Lurie, Ostrin & Lubell, 97 AD2d 561, 562). The Workers' Compensation Board has the authority and the responsibility to deter-

mine whether a claimant has met that burden *(Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 9).

The Board found in this case that there was no causal connection between claimant's filing for workers' compensation benefits and his dismissal. At the time of his dismissal on June 29, 1981, the employer was unaware that claimant had filed for workers' compensation benefits. The Board found, and the record supports the view, that the dismissal was because of claimant's absenteeism. The absentee record which warranted the employer in dismissing claimant was for a time period which preceded claimant's injury *(see, Matter of Kaye v Brewster Cent. School Dist. Bd. of Educ.,* 103 AD2d 870-871, *affd* 64 NY2d 1097). There was no evidence in the record of the required nexus between claimant's claim for benefits and his dismissal *(see, Matter of Duncan v New York State Developmental Center.* 63 NY2d 128, 134; *Matter of Murtaugh v Bankers Trust Co.,* 93 AD2d 928). This *pro se* claimant fails to understand that this court cannot consider the factual assertions made by him in his argument when there is no evidence supportive thereof in the record.

The record contains substantial evidence to support the Board's determination. Claimant has failed to meet his burden of proof of a violation of Workers' Compensation Law § 120.

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.