■ In the Matter of the Claim of JOHN DE BITETTO, Appellant, v CITY OF WHITE PLAINS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 28, 1984.

Claimant, employed as a fire fighter by the City of White Plains in Westchester County, sustained a compensable back injury on December 28, 1971 and received disability benefits. His case was ultimately closed by the Workers' Compensation Board on May 24, 1979 upon a finding of permanent partial disability. Claimant left the fire. department on December 8, 1979, receiving full salary under the provisions of Retirement and Social Security Law § 363 and General Municipal Law § 207-a. He also received a portion of his Social Security disability benefits which were statutorily reduced during the period he received workers' compensation benefits (see, 42 USC § 424a). Subsequently, the case was reopened upon a claim of total disability and, by decision dated October 24, 1983, the Board awarded claimant over $15,000 in back compensation benefits with payments to continue, and the case was closed.

Then, on November 23, 1983, an application was made to the Board for review, requesting that all prior awards be rescinded, but that authorization for medical treatment be continued. The underlying reason for this request was that it would be more beneficial to claimant to recover all the moneys which had been deducted from his Social Security entitlement over the years than under the existing statutory scheme providing for payment of workers' compensation benefits to retired disabled fire fighters. The request was denied by the Board and this appeal by claimant ensued.

The procedures for appeals of decisions of the Board are set forth in Workers' Compensation Law § 23. Claimant's request for rescission in this case is nothing more than a request that the Board reconsider its award to claimant so that he may obtain more satisfactory benefits than those provided under the Workers' Compensation Law. A request for reconsidera-

tion rests in the discretion of the Board and where, as here, its decision is not arbitrary or capricious, we may not disturb the decision *(see, Matter of Leon v General Motors Corp.,* 40 AD2d 882). In any event, having received that which he is entitled to under the statute upon his *own* application, claimant is not an aggrieved party and has no standing before this court *(see,* Workers' Compensation Law § 23; *cf.* CPLR 5511; *see also, Matter of Parks v Weaver,* 20 AD2d 588, *lv dismissed* 14 NY2d 546).

Appeal dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.