■ In the Matter of the Claim of THOMAS J. O'MALLEY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J.

Claimant filed this Workers' Compensation Law § 120 claim, alleging that his employer, the New York City Transit Authority (hereinafter the employer), discriminated against and discharged him because he sustained a work-related injury and filed for and received workers' compensation benefits. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) made a finding of discrimination. The employer was ordered to reinstate claimant retroactive to the date of his discharge and pay a $500 fine and counsel fees to claimant's attorney in the amount of $5,000. Claimant and the employer cross-appealed to the Workers' Compensation Board, which affirmed the WCLJ's decision in all respects. The employer filed a notice of appeal and also sought reconsideration and full Board review, both of which were denied, a decision from which the employer took no appeal. Claimant sought reconsideration of the award of counsel fees, and the Board issued an "amended and corrected" memorandum of decision, increasing counsel fees to $12,500. The employer appeals.

We affirm. Initially, we reject the contention that claimant failed to meet his burden of proving unlawful discrimination. Evidence was presented at the hearing to support the following facts. In November 1984, claimant was provisionally appointed to the position of associate attorney in the employer's workers' compensation bureau. On January 16 or 17, 1986, while placing a heavy bag of files on the floor, claimant felt a great deal of pain and noticed a conspicuous bulge in his groin area. An accident report was filed on January 17, 1986 and examination by the employer's medical staff disclosed an inguinal hernia, acknowledged to have been sustained in connection with claimant's employment. When claimant returned to work with the doctor's report, his immediate supervisor, Phil Schneider, was "livid" and seemed "incensed" that claimant suffered a work-related injury. Although surgery was necessary to correct the condition, it was not until early

March 1986 that appropriate authorizations could be obtained from the employer and the surgery performed. While claimant was recuperating from the surgery and despite the fact that he maintained frequent contact with the employer, he received telephone calls from Schneider accusing him of feigning disability, and supervisors in the office derisively referred to him as "the vacation boy". Upon his return to work, claimant, one of the most experienced attorneys in the office, found that he had been assigned the filthy desk of an office boy, with no telephone, and supervisory personnel shunned him. Claimant made application for differential pay which was due him under the employer's rules, but the claim was delayed for months and ultimately disapproved, due to claimant's violation of an apparently nonexistent rule requiring that employees report injuries during the "tour of duty" encompassing the accident. Finally, claimant was discharged from employment without explanation and despite the fact that there had been no prior expression of dissatisfaction with claimant's work performance.

Contrary to the employer's assertion, this evidence was sufficient to satisfy claimant's burden of proof and constituted substantial evidence to support the Board's finding of discrimination (see, Matter of Axel v Duffy-Mott Co., 47 NY2d 1). That the employer offered proof of a nondiscriminatory basis for the termination merely raised questions of fact and issues of credibility which the Board resolved adversely to it (see, Matter of Cheatham v New York State Off. of Mental Health, 130 AD2d 815, 817, lv dismissed 70 NY2d 747; Matter of Murtaugh v Bankers Trust Co., 93 AD2d 928). Further, we reject the contention that claimant's provisional status protects the employer from a finding of discrimination. "Although the employment of a probationary appointee may be terminated without a hearing and without stated reasons, the employer may not terminate the employment for reasons prohibited by law" (Matter of Miller v Ravitch, 60 NY2d 527, 531; see, Matter of Kaye v Brewster Cent. School Dist. Bd. of Educ., 103 AD2d 870, 871, affd 64 NY2d 1097).

We further find that the employer failed to oppose claimant's initial request for counsel fees, his appeal to the Board from the WCLJ's award of counsel fees or his request for Board reconsideration of the issue, thereby waiving its right to appellate review. At any rate, there is adequate support in the record for the Board's award of counsel fees, taking into account the nature and duration of the legal services rendered, the expertise employed and the result achieved. Simi-

larly, the employer's remaining contentions were either not raised before the Board or were raised for the first time on the employer's application for reconsideration and full Board review, the denial of which has not been appealed. Accordingly, these issues have not been preserved for our review *(see, Matter of Dubnoff v Feathers Sportswear,* 90 AD2d 607).

Amended decision affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.