■ In the Matter of the Claim of JOHN E. HERCULES, Appellant, v UNITED ARTISTS COMMUNICATIONS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed June 20, 1988, which, inter alia, ruled that claimant did not sustain a causally related disability.

Claimant filed separate claims for workers' compensation benefits in November 1984. The first claim sought benefits for an injury to the right knee allegedly sustained on November 15, 1982 and the second claim sought benefits for injuries to the right shoulder and back allegedly sustained on October 11, 1983. The claims were controverted by the employer, which raised issues of accident, notice and causal relationship. Following hearings at which claimant testified and various medical records and reports were presented, a Workers' Compensation Law Judge found in favor of claimant on both claims. The employer appealed and, in its decision filed June 20, 1988, the Workers' Compensation Board found that claimant injured his right knee in September 1982 and that since the claim was

not filed until more than two years later, in November 1984, the claim was barred by Workers' Compensation Law § 28. As to the second claim, the Board found that only the right shoulder injury was causally related to the work-related accident of October 11, 1983 and that, therefore, there was no causally related disability.

After reviewing the record, we reject claimant's contention that the Board's factual findings are not supported by substantial evidence. Claimant's testimony and the various medical records and other evidence in the record created questions of fact concerning the date of the injury to the right knee, the date of the filing of the claim based upon that injury and the extent of injuries caused by the October 1983 work-related accident. In view of the Board's broad authority to resolve factual questions based on credibility of the witnesses and draw any reasonable inferences from the evidence submitted *(Matter of Wiltshire v Consolidated Edison Co.,* 89 AD2d 657), we cannot say that the Board's decision is not supported by substantial evidence.

Claimant also contends that the Board erred in failing to consider all of the relevant evidence, pointing specifically to the evidence which was favorable to his claims. The existence of evidence in the record which might support findings other than those made by the Board does not provide a basis for disturbing the Board's findings which have the support of substantial evidence in the record *(Matter of Ribar v County of Suffolk,* 125 AD2d 801). We find nothing to suggest that the Board did not review the record in its entirety before rendering a decision.

Claimant's contention that the employer waived the two-year time limitation of Workers' Compensation Law § 28 is meritless. The record establishes that the issue was raised in a timely fashion, and because there is nothing in the record to suggest that there was an advance payment of compensation, the Board did not err in failing to rule on that issue.

Claimant also argues that the Board erred in denying his requests for reopening and reconsideration. Because claimant failed to file a notice of appeal from that decision, it is not properly preserved for our review. In any event, such requests are matters for the Board to decide in the exercise of its discretion. As there is nothing in the record to show that the Board acted arbitrarily and capriciously or abused its discretion in denying claimant's requests, the decision cannot be disturbed *(see, Matter of De Bitetto v City of White Plains,* 117 AD2d 838).

Mahoney, P. J., Weiss, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.