OPINION OF THE COURT
Roger J. Miner, J.
In this proceeding pursuant to CPLR article 78 petitioner seeks judgment "annulling the determination of the respondent in refusing to issue to petitioner the special number plate 'ESQUIRE’ and directing the respondents to issue said special number plate to petitioner.” Respondents move to dismiss the petition on objections in point of law and petitioner cross-moves for summary judgment. The cross motion is an improper procedural device in this proceeding. (6 Carmody-Wait 2d, NY Civ Prac, § 39:3; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.03.)
By legislation approved August 5, 1977, effective 120 days thereafter, the Commissioner of Motor Vehicles was authorized to issue special number license plates containing eight letters, numerals or combination thereof, application for such plates to be made in accordance with regulations promulgated by the commissioner. (L 1977, ch 793, § 4; Vehicle and Traffic Law, § 404.) The application of Richard M. Sussman, an attorney at law, for a special plate containing the letters ESQUIRE was received by the Motor Vehicle Department on November 15, 1977. The special plate was assigned to him on March 22, 1978, a date several months after the effective date of the new statute.
Petitioner, also an attorney at law, alleges that he applied for the ESQUIRE plates on December 28, 1977 and, on March 2, 1978, made another application for the same plates on a new form promulgated by the commissioner. On March 23, 1978 he was informed that the plates had been assigned to another individual, and this proceeding ensued. Petitioner contends that the plate was issued, in effect, on November 15, 1977, a date when respondents were not authorized to issue special plates containing seven letters; that regulations implementing the new legislation had not been promulgated at the time of Mr. Sussman’s application; that respondents’ policy of publicizing the availability of special number plates was discriminatory, since petitioner did not reside in or near a large city; that only he applied on the new application form prescribed by the commissioner (15 NYCRR 16.3); and that re *254 spondents’ refusal to issue the special plate to him was arbitrary, capricious and violative of his constitutional rights.
The petitioner’s contentions are rejected. The plates were not issued to Mr. Sussman until after the statute’s effective date. The construction of statutes and regulations by the agency responsible for their administration should be upheld if not irrational or unreasonable. (Matter of Howard v Wyman, 28 NY2d 434.) Mandamus does not lie to review a discretionary determination by a public agency. (23 CarmodyWait 2d, NY Prac, § 145:117.) Here, the respondents’ manner of solicitation of applications and of reserving and assigning special plates had a rational basis (Matter of Pell v Board of Educ., 34 NY2d 222), and there was no constitutional infirmity in the process.
Motion to dismiss petition in point of law granted.