CITY OF NEW YORK, Appellant, v LONG ISLAND AIRPORTS LIMOUSINE SERVICE CORP., Respondent.

First Department, May 10, 1979

## APPEARANCES OF COUNSEL

*Nancy Stassinopoulos* of counsel *(L. Kevin Sheridan* and *Joseph F. Bruno* with her on the brief; *Allen G. Schwartz, Corporation Counsel),* for appellant.

*Charles Marks* of counsel *(William M. Stewart* with him on the brief), for respondent.

## OPINION OF THE COURT

SILVERMAN, J.

Defendant operates an omnibus route transporting passengers from John F. Kennedy International Airport and La Guardia Airport in the Borough of Queens, New York City, to various locations in Nassau and Suffolk Counties. Prior to 1977, defendant had both a certificate of public convenience and necessity issued by the State Transportation Commissioner or his predecessors pursuant to subdivision 1 of section 149 of the Transportation Law and a franchise from the City of New York.

On May 26, 1977 due to various disputes, the Board of Estimate of the City of New York adopted a resolution terminating the city franchise and denying the defendant's petition for renewal thereof. An article 78 proceeding challenging the Board of Estimate's termination of the franchise contract and the denial of the application to renew the franchise was dismissed; that judgment was affirmed by this court (60 AD2d 1005).

The old city franchise, granted by contract dated November 25, 1968, expired by its own terms on December 31, 1977.

The State Transportation Commissioner has not revoked the State certificate of public convenience and necessity, holding that the revocation of the city franchise is not a ground for revocation of the State certificate.

In the present action the city sues to enjoin defendant from operating an omnibus route over city streets and for compensation under the terms of the 1968 contract from April 1, 1977. Partial summary judgment as to liability has been granted to the city with respect to the claim for compensation.

The city's motion for summary judgment on its causes of action for an injunction was denied at Special Term, and the city appeals from that denial.

Section 362-1.0 of the Administrative Code of the City of New York makes it unlawful to operate an omnibus route for public use until and unless a franchise has been obtained from the Board of Estimate. As we have said, the franchise here expired by its own terms as of December 31, 1977.

Section 66 of the Transportation Corporations Law provides that no omnibus line "shall be operated wholly or partly upon or along any street, avenue or public place in any city which is the beginning or ending point or terminal of a proposed new motor vehicle line or route or proposed extension of an existing line or route or any city where any motor vehicle line or route is operated wholly therein, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured * * * the consent of the local authorities of such city * * * to such operation, upon such terms and conditions as said local authorities may prescribe."

Section 150 of the Transportation Law relates to the powers of the State Commissioner of Transportation in the regulation of bus companies operating through or into two or more municipalities, as defendant concededly does. Subdivision 7 of that section provides: "7. Nothing herein shall in any way affect the discretionary rights of cities to grant, or refuse, or to limit the duration of the consents provided for in section sixty-six and sixty-seven of the transportation corporations law."

It thus appears that the operation of defendant's bus line over streets in the City of New York requires approval of both the State Commissioner of Transportation and of the City of New York. Defendant no longer has the approval of the City of New York by reason at least of the expiration of the original franchise. Both subdivision 7 of section 150 of the Transportation Law and section 66 of the Transportation Corporations Law recognize the power of the city to impose terms and conditions on the grant of franchises; and subdivision 7 of section 150 of the Transportation Law expressly recognizes the power of the city to "limit the duration of the consents". Here the city has limited the duration of its consent to December 31, 1977. As long ago recognized by the Public Service Commission (the predecessor of the Department

of Transportation), "[t]he certificate of the Commission is dependent upon and can only issue after the consent for the operation is granted by the local authorities. These prescribe the streets over which the route may run in the city, village or town, and if not containing a time limit, are revocable at any time by the local authorities. When by operation of time or revocation by special act the local permit fails, the certificate of convenience and necessity does not authorize or allow operation over that particular portion of the route." (Matter of House, 24 NY St Dept Rep 357, 361-362.)

By letter submitted after oral argument, defendant has suggested that subdivision 2 of section 150 of the Transportation Law applies. That subdivision provides that: "2. The commissioners may also issue a certificate of public convenience and necessity without the consent of local authorities of cities and other municipalities otherwise required by law, if such local authorities do not either grant or refuse the consent within ninety days after the application is filed." Defendant bases this suggestion on the facts that on or about December 13, 1976 defendant applied for a renewal of its franchise and that the city did not reject that until May 26, 1977, more than 90 days after the application was filed, and that thus the city did not "either grant or refuse the consent within ninety days". We do not think subdivision 2 of section 150 of the Transportation Law applies for these reasons: (a) all of section 150 is qualified by subdivision 7 quoted above; (b) during the entire period between December 13, 1976 and May 26, 1977, defendant already had a valid existing consent and franchise from the city for that period; (c) it is clear that at least since May 26, 1977 the city has denied defendant's application; and (d) there is no indication that the State Transportation Commissioner took any relevant action in the period between December 13, 1976 and May 26, 1977, or that to this day the commissioner has purported to exercise his powers under subdivision 2 of section 150 of the Transportation Law.

For over a year now defendant has been operating a bus line over the streets of the City of New York without a city franchise. In view of the independence of the city franchise from the State certificate, we think the proceedings before the State Transportation Commissioner relating to the State certificate cannot be deemed, with respect to the city franchise, to be an administrative remedy which the city is required to

exhaust before it can ask for judicial relief. Accordingly, the city is entitled to an injunction restraining the continued operation of the bus line over the streets of the City of New York (cf. *Blanshard v City of New York,* 262 NY 5), and the city's motion for summary judgment granting such permanent injunction should have been granted.

It is obvious that such an injunction may cause great public inconvenience to passengers arriving at these airports who wish to be transported to their homes and places of business in areas served by defendant. A period of time should be allowed to enable the parties to make appropriate arrangements to meet the public interest, and to obtain review, if they are so advised, of this decision by the Court of Appeals. Accordingly, we should stay the injunction for a reasonable period of time.

The order of the Supreme Court, New York County (WILLIAMS, J.), entered October 2, 1978 should be reversed, on the law and the facts to the extent appealed from, plaintiff's motion for summary judgment on the first, second and third causes of action in the complaint should be granted, and judgment should be directed in favor of plaintiff on said causes of action enjoining defendant from operating its omnibus line over the streets of the City of New York without a valid existing franchise from the City of New York, with costs to plaintiff. The injunction should be stayed for a period of 90 days after entry of the order determining this appeal.

Settle order, including appropriate provision for severance.

SANDLER, J. P., SULLIVAN, LANE and LUPIANO, JJ., concur.

Order, Supreme Court, New York County, entered on October 2, 1978, reversed, on the law and the facts, to the extent appealed from, plaintiff's motion for summary judgment on the first, second and third causes of action in the complaint granted, and judgment directed in favor of plaintiff on said causes of action enjoining defendant from operating its omnibus line over the streets of the City of New York without a valid existing franchise from the City of New York, with $75 costs and disbursements of this appeal to plaintiff-appellant. The injunction is stayed for a period of 90 days after entry of the order determining this appeal.

Settle order including appropriate provision for severance.