OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned matters, plaintiff-petitioner, City of New York (City), has moved for summary judgment granting the relief requested in the complaint and the petition. Both the civil action and the CPLR article 78 proceeding stem from the City’s revocation of the Long Island Airports Limousine Service Corporation (LIALS) franchise to transport passengers from Long Island to Kennedy and LaGuardia Airports. The defendant-respondent, Commissioner of Transportation (Commissioner) has refused to revoke the certificate of public convenience and necessity which it had granted to LIALS. Specifically, the civil action seeks an injunction to prohibit LIALS from operating its bus route over city streets in the Borough of Queens and a money judgment for franchise compensation, charter fees and percentage of advertising receipts which *339 LIALS has allegedly failed to pay since March 31,1979. In its article 78 proceeding, the City seeks to annul the determination of the Commissiolier of Transportation which refused to revoke LIALS’ certificate of public convenience and necessity, alleging that said decision and the denial of the City’s petition for rehearing were arbitrary, capricious and in violation of law in that the consent of the City is a prerequisite to the continuation of LIALS’ certificate of necessity.
This litigation has a lengthy history, having once before proceeded to the New York State Court of Appeals, where it was dismissed without prejudice upon the holding that the Commissioner of Transportation was a necessary party, and that he should be joined if complete relief were to be afforded to the litigant (City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469). Therein, the court held (p 475) that this matter “poses an important question concerning the power of the State commissioner to insure adequate transportation into large metropolitan areas. But in our view it should not be decided in a case in which the commissioner is not a party.”
Initially, the Commissioner asserts that this court does not have jurisdiction to hear the motion for summary judgment. Justice Cholakis, by decision dated September 2, 1980, consolidated these two matters for purposes of a joint trial in Albany County. The venue of the action remains New York County. However, “the granting of such a [summary judgment] motion is the procedural equivalant of a trial.” (Falk v Goodman, 7 NY2d 87, 91.) Accordingly, Albany County is the proper forum for the instant motion. Further, while it is true that a motion for summary judgment is an improper procedural device in an article 78 proceeding (Gold v Department of Motor Vehicles, 95 Misc 2d 252), such improper designation of the instant request for relief is not grounds for denial of the motion. “[Ejvery hearing of a special proceeding is equivalent to the hearing of a motion for summary judgment and makes a formal motion for same unnecessary”. (Matter of Javarone, 76 Misc 2d 20, 21, affd 49 AD2d 788.) As hereinabove set forth, on the original return date hereof, the Commissioner’s request for consolidation, by way of objection *340 in point of law (CPLR 7804, subd [f]), was granted by Justice Cholakis. Accordingly, the matter now before the court has been properly renoticed for hearing.
Defendants-respondents further contend that, even though the Commissioner of Transportation has been joined, these proceedings must be dismissed because other necessary parties have not been joined. This court does not agree. As the Court of Appeals previously held, “[T]he resolution of the controversy between the city and the limousine service involves a determination of the rights and powers of a third party, the State Commissioner of Transportation, who is not before the court.” (New York City v Long Is. Limousine Serv., supra, p 475; emphasis supplied.) Thus, the court spoke directly to the necessity of joining only the Commissioner of Transportation.
As a final procedural issue, it is argued that this matter must be transferred to the Appellate Division pursuant to CPLR 7804 (subd [g]) in that the respondent, Commissioner of Transportation, issued his order after a hearing mandated by statute. However, this is not a substantial evidence question, but rather involves purely matters of law and interpretation of statutory language, and as such, the matter need not be transferred.
Turning to the merits of the controversy, it is apparent that section 362-1.0 of the Administrative Code of the City of New York prohibits the operation of an omnibus route for public purposes without obtaining a franchise therefor from the City’s board of estimate. The City’s authority to enact such a provision is founded upon subdivision 10 of section 20 of the General City Law which provides that a city is empowered to “grant franchises or rights to use the streets, *** public ways and public places of the city.” Concurrently, pursuant to section 149 of the Transportation Law, bus companies must obtain permission and approval of the Commissioner of Transportation and a certificate of public convenience and necessity, prior to the operation of a bus line. Subdivision 2 of said section specifically provides that “no such certificate of public convenience and necessity shall be issued until there be filed in the office of the commissioner by the applicant therefor a verified statement showing that the required consent of the proper *341 city *** has been obtained”. The Appellate Division of the Second Department considered this question upon the appeal of the original proceeding. While the Appellate Division’s decision was later reversed without prejudice for failure to join the Commissioner, their holding on the merits is significant. They held that “the operation of defendant’s bus line over streets in the City of New York requires approval of both the State Commissioner of Transportation and of the City of New York.” (City of New York v Long Is. Airports Limousine Serv. Corp., 68 AD2d 37, 39.) The addition of the Commissioner of Transportation as a party in the reinstituted action and proceeding does not alter the Second Department’s interpretation of the statute in question.
Accordingly, for the reasons hereinabove set forth, the motions for summary judgment shall be granted.