### (June 3, 1982)

■ In the Matter of CHARLES MONTGOMERY, Appellant, v EVERETT W. JONES, as Superintendent of the Great Meadow Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Soden, J.), entered December 18, 1980 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination limiting petitioner's correspondence privileges. By petition dated October 15, 1980, petitioner, serving a sentence of 20 years to life imprisonment as the result of a conviction of murder in the second degree, commenced this proceeding to compel respondents to reinstate his correspondence privileges with one Inez Rock. After all administrative appeals failed, respondents answered and Special Term dismissed the petition. This appeal by petitioner ensued. The facts are simple. Petitioner, in violation of the Department of Correctional Services Directive No. 4422 entitled "Inmate Correspondence Program", wrote a letter to Gerald Rock, another inmate, and smuggled it out of Great Meadow Correctional Facility by enclosing it with a letter to the other inmate's mother, Mrs. Inez Rock, with whom petitioner was permitted to correspond. Mrs. Rock, also in violation of the administrative directive identified above, replied to petitioner's letter and enclosed the sum of $500 from her son's private resources for use by petitioner within the prison. Respondents returned the money to Mrs. Rock and indefinitely terminated

correspondence privileges between her and petitioner. While censorship of direct personal correspondence of prison inmates involves incidental restrictions on the right to free speech, it is justified if such overview of correspondence is in furtherance of a governmental interest to preserve internal order and discipline and to maintain institutional security against escape or unauthorized entry. Here, respondents point to subdivision 2 of section 137 of the Correction Law, which charges the commissioner with the responsibility of providing measures "for the safety, security and control of correctional facilities and the maintenance of order therein", as authority for Directive No. 4422 which prohibited correspondence by mail between inmates unless authorized by the facility's superintendent. No such authorization was sought by petitioner. In our view, this directive contributes to maintenance of internal order and discipline within the prison and is entitled to great deference by the judiciary where, as here, there is no evidence that conformity therewith tramples any constitutional right of petitioner. Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.