■ In the Matter of JEFF SINCLAIR, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered June 22, 1982 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78, seeking to annul determinations imposing disciplinary sanctions. In the first disciplinary proceeding, petitioner, an inmate at Great Meadow Correctional Facility, who assisted other inmates in their legal work, was found to have violated an institutional rule prohibiting inmates from exchanging articles without authorization when he loaned one of his personal law books to another inmate. Petitioner contends that it was necessary for him to loan his law book to the other inmate in order for that inmate to prepare certain legal documents. Petitioner concludes, therefore, that disciplining him constitutes an infringement on the right of inmates to have the assistance of other inmates in the preparation of legal papers (see *Johnson v Avery*, 393 US 483). That right, however, is subject to "reasonable restrictions and restraints" imposed by the State (*id.*, at p 490). In New York, a departmental directive specifically authorizes inmate legal assistance with prior approval by the superintendent obtained through the librarian. Petitioner does not contend that such prior approval was sought. Under these circumstances, the determination should not be disturbed (see *Matter of Montgomery v Jones*, 88 AD2d 1003). The second disciplinary proceeding arose out of a dispute concerning the quality of the food served at Great Meadow Correctional Facility. Petitioner contends that he was disciplined for having written a letter of complaint to the deputy superintendent. The record reveals, however, that instead of pursuing an available grievance procedure, petitioner first sought unsuccessfully, and apparently rather vigorously, to express to the officer in charge of the mess hall his dissatisfaction with the hamburger served to him. As a result of his conduct, petitioner was charged with harassment, lying, being out of place and wasting food. Having chosen to break the prison rules, rather than pursue established procedures in presenting his complaint to prison officials, petitioner's contention that the disciplinary proceeding infringed on his right to make written statements concerning institutional conditions (see Correction Law, § 138, subd 4) is meritless (see *Matter of*

*Shahid v Coughlin*, 56 NY2d 987, affg on opn below 83 AD2d 8). There is no proof to support petitioner's claim that the disciplinary proceeding was retaliatory. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.