OPINION OF THE COURT
Vincent E. Doyle, J.
The petitioner, Roger Hicks, has moved this court for relief pursuant to CPLR article 78. His central contention is that the respondent acted improperly by refusing to allow petitioner to continue providing legal assistance to two Attica inmates after his transfer to another correctional facility. Concomitantly, petitioner maintains that the disciplinary action undertaken by the respondent against him in connection with his representation of the two Attica inmates is also improper, should be set aside and expunged from his institutional records. Finally, petitioner seeks certain injunctive relief in connection with his provision of legal services to these two inmates.
Petitioner is currently serving concurrent indeterminate terms of imprisonment with a maximum term of 25 years and a minimum term of 816 years for two robbery convictions, respectively, a term with a maximum of 15 years and a minimum of 5 years for criminal possession of a weapon in the second degree, and a 1-year definite sentence for criminal possession of a weapon in the fourth degree. Until December 1989, petitioner was incarcerated at the Attica Correctional Facility. He is presently an inmate at the Collins Correctional Facility.
After completing a law clerk training program sponsored by the Department of Correctional Services, in 1986, the petitioner was approved to serve as an inmate law clerk (a so-called "jailhouse lawyer”). Subsequent thereto and prior to his *952 transfer from Attica, petitioner was granted permission to provide legal assistance to two Attica inmates: one Louis J. Yourdan and one Joseph W. Hatfield.
Following his transfer to Collins, petitioner continued to provide legal assistance to the two Attica inmates through the United States mail. Respondent was aware of petitioner’s rendering of legal assistance to the Attica inmates, but took no action against him until June 14, 1990.
On June 14, 1990, petitioner was charged with the violation of three facility rules: (a) 113.23 — possession of contraband; (b) 180.11 — violation of correspondence procedures; and (c) 180.17 —violation of rules governing legal assistance to other inmates.
Charge number 113.23 was dismissed at the Superintendent’s hearing. He was found not guilty of violating rule number 180.11. On charge number 180.17, he was found guilty as charged.
Petitioner timely filed for an administrative review of the Superintendent’s hearing and by notice dated September 10, 1990, he was advised that the decision of the Superintendent was affirmed.
Having examined the petition, affidavits and a memorandum of law of the petitioner and an answer and a memorandum of law of the respondent and after hearing oral arguments by counsel, respectively, this court now vacates the Superintendent’s decision for the following reasons:
The central issue is whether the respondent acted improperly in refusing to allow petitioner to continue providing legal assistance to two inmates after petitioner’s transfer to another facility. Respondent does not dispute the fact that petitioner was duly authorized to serve as an inmate legal assistant and that he was granted permission to assist the two inmates in question.
Without question, the Superintendent of a correctional facility has the authority to grant or deny permission to an inmate seeking to serve as an inmate law clerk. However, once such permission has been granted, it cannot be withdrawn without a rational basis, nor can it be withdrawn in an arbitrary and capricious manner (see generally, Matter of Sinclair v New York State Dept. of Correctional Servs., 91 AD2d 742; Matter of Blades v Twomey, 159 AD2d 868).
The mere fact that petitioner was transferred to another facility does not in and of itself provide sufficient grounds for *953 terminating petitioner’s authorization to provide legal assistance to two inmates. Indeed, to allow a transfer to serve as the basis for terminating an inmate’s assistance to another inmate could lend itself to significant abuse on the part of the facility. The authority to transfer an inmate is exclusively vested in the Department of Correctional Services and such transfer is not subject to review so long as it is done in accordance with the law (Correction Law §23; Matter of Johnson v Ward, 64 AD2d 186). It is not inconceivable that a transfer could hamper or prematurely end a lawsuit, especially legal action that might be underway against a facility, or a Superintendent or the Commissioner.
The points raised by the respondent in opposition to the instant petition are without merit. Respondent, first of all, contends that petitioner had received sufficient notice that his conduct was in violation of the Department of Correctional Services’ rules. However, the rules, regulations and directives of the Department of Correctional Services fail to address the particular issue now before this court. There is no mention anywhere as to the status of an inmate’s authorization to provide legal assistance following a transfer. This fact, coupled with the fact that petitioner openly communicated with the two inmates for several months before these misconduct charges were leveled, indicates that petitioner had no reason to believe that his actions were against departmental rules.
Respondent further contends that limiting an inmate’s authority to provide legal assistance only to inmates in the same facility does not violate due process of law. This court, agreeing with the respondent, finds that those rules are constitutional and concludes that respondent’s contention in this regard is quite valid. However, the application of these rules and regulations in the instant case, given the potential abuse and lack of notice, is improper.
This court notes that some inmate litigation is quite complex and time consuming. To require an inmate litigant to seek assistance from another legal assistant following the transfer of his current legal assistant would, in most cases, amount to starting the litigation all over again and could result in a delay in justice. The better approach would be to allow the transferred law assistant to continue to provide legal assistance (assuming, of course, both the inmate litigant and the inmate law assistant mutually agree to continue the relationship) until that particular lawsuit is terminated.
*954 Respondent’s contention that petitioner’s claim is not properly before this court because of failure to exhaust administrative remedies is without merit. As a matter of general administrative law, resorting to the appropriate administrative body before seeking judicial relief is not required where only law and the proper application of a rule are in question (see generally, Hewitt v New York, New Haven & Hartford R. R. Co., 284 NY 117 [question involved was whether an admittedly reasonable rule was applied prejudicially and in a discriminatory manner]; Kovarsky v Brooklyn Union Gas Co., 279 NY 304 [involved the construction and interpretation of a statute]; Matter of Brown v Casier, 95 AD2d 574 [involved determining whether a party was an "aggrieved person” within the meaning of the law where there was a collective bargaining agreement with an established grievance procedure]).
Respondent’s contention that petitioner should file a grievance concerning his desire to assist the two Attica inmates prior to seeking judicial relief is disingenuous. First of all, petitioner would have to file his grievance with and submit to a hearing conducted by the respondent, the same individual who has already found petitioner in violation of the facility rules for attempting to assist the Attica inmates. Secondly, the petitioner, in order to exhaust administrative remedies, would have to appeal to the Commissioner. As noted above, the Commissioner, after reviewing the prior Superintendent’s hearing, affirmed the respondent’s decision. To require exhaustion of administrative remedies in the instant case would be an exercise in futility. Moreover, and more importantly, it is for the courts to determine what is within or without the law, not administrative agencies (see, Matter of Faith For Today v Murdock, 11 AD2d 718, affd 9 NY2d 761).
Finally, the respondent contends that petitioner has raised a question of substantial evidence and that, therefore, the instant petition must be transferred to the Appellate Division of Supreme Court, Fourth Department, pursuant to CPLR 7804 (g). In light of the foregoing discussion, this court finds and concludes that the issues involved are questions of law and not whether there is or is not enough evidence to support the respondent’s decision. Therefore, transfer of this matter to the Appellate Division is not required (see, City of New York v Long Is. Airports Limousine Serv. Corp., 110 Misc 2d 338, mod 91 AD2d 1149, after remand 96 AD2d 998, affd 62 *955 NY2d 846; Matter of Posh Bagel v Board of Health, 75 AD2d 898).
Accordingly, for the reasons hereinabove set forth, the petition for relief pursuant to CPLR article 78 is granted. The decision rendered by the respondent following the Superintendent’s proceeding shall be vacated, all charges set forth in the misbehavior report shall be dismissed, all penalties shall be set aside and petitioner shall be restored to the status he had attained prior to imposition of said charges.