In the Matter of IAN DAWES, Appellant, v R. J. McCLELLAN, as Superintendent of Southport Correctional Facility, Respondent. [638 NYS2d 843] —Cardona, P. J.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was found guilty of providing legal assistance and documents to a fellow inmate without authorization in violation of prison disciplinary rules. Petitioner commenced this proceeding contending, *inter alia*, that the Hearing Officer committed several errors affecting his right to a fair hearing. Supreme Court, finding no merit to petitioner's allegations, dismissed the petition. Petitioner appeals.

We affirm. Although petitioner contends that he was denied the opportunity to submit exculpatory evidence, a review of the record fails to support any specific evidentiary request which was denied. Petitioner withdrew his request for witnesses. While pleading not guilty, petitioner admitted preparing the legal documents at issue and rendering legal assistance to another inmate. He also acknowledged that he did not have permission or authorization. Petitioner's defense was one of mitigation and ignorance and he had a full opportunity to lay his proof upon the record.

The right of one inmate to receive legal assistance from another inmate is subject to reasonable restrictions and restraints imposed by the State (*see, Matter of Sinclair v New York State Dept. of Correctional Servs.*, 91 AD2d 742). The rules prohibit an inmate from providing legal assistance to another inmate without prior approval of the facility Superintendent or his

designee (*see*, 7 NYCRR 270.2 [B] [26] [vii]). Here, petitioner never made a request to respondent and did not receive a response to his inquiries from the librarian. The rule reasonably contributes to the maintenance of internal order and discipline within the facility and is entitled to great deference where, as here, there is no suggestion that conformity with the rule would interfere with any of petitioner's rights (*see, Matter of Montgomery v Jones*, 88 AD2d 1003).

Petitioner urges for the first time that the determination of guilt is not supported by substantial evidence. Having failed to allege this issue in his petition, petitioner has failed to preserve it for our review (*see, Matter of Mattone v State of New York Dept. of Taxation & Fin.*, 144 AD2d 150). In any event, the record clearly supports the determination that petitioner violated the subject disciplinary rules.

Petitioner's remaining arguments have been considered and rejected as lacking in merit.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.