■ In the Matter of ROBERT RIVERA, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [903 NYS2d 546]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 28, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the processing of outgoing mail, a correction officer came across a legal envelope addressed to the Commission on Judicial Conduct, accompanied by an authorized advance request, which roused suspicion. These documents were forwarded to the Deputy Superintendent for investigation. The envelope was opened by the Deputy Superintendent and contained, among other things, documents belonging to petitioner. The envelope, however, did not have petitioner's name as the return addressee, but rather the name of another inmate. As a result of this incident, petitioner was charged in a misbehavior report with engaging in an unauthorized exchange, smuggling and violating facility correspondence procedures. Fol-

lowing a tier III disciplinary hearing, he was found guilty of the latter two charges. The determination was subsequently affirmed on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Initially, as petitioner did not raise the issue of substantial evidence in his petition, this claim is not properly before us (*see Matter of Dawes v McClellan*, 225 AD2d 830, 831 [1996]). Turning to petitioner's procedural objections, we find no merit to his contention that he was improperly denied the right to have two correctional employees testify as witnesses at the hearing. Neither the review officer who designated the tier level of the hearing nor the correction officer who investigated the inmate whose name appeared on the envelope could have provided testimony that was relevant to the charges against petitioner (*see Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]; *Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]). Petitioner also asserts that he was improperly denied a copy of the written document authorizing the Deputy Superintendent to open the legal envelope, but the record reveals that the Hearing Officer reviewed this document and established that it complied with the requirements of 7 NYCRR 721.3 (c) (1). Accordingly, petitioner has not demonstrated that the denial prejudiced his defense (*see Matter of Justice v Fischer*, 67 AD3d 1286 [2009]; *Matter of Gray v Selsky*, 37 AD3d 890 [2007]). Petitioner's remaining contentions, including his claim that he was denied a fair and impartial hearing, have been considered and found to be unavailing.

Cardona, P.J., Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.