Matter of Reid v Venettozzi (2024 NY Slip Op 00666)

Matter of Reid v Venettozzi

2024 NY Slip Op 00666

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

CV-23-0649
[*1]In the Matter of Oneil Reid, Petitioner,
v
Donald J. Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date:January 5, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Oneil Reid, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was involved in an incident with another incarcerated individual on the prison gallery and was escorted by a responding correction officer to the facility infirmary for medical treatment of his injuries. During a search of petitioner by the responding correction officer, an object was observed in his right nostril, which petitioner removed when directed to do so. The object was a folded ceramic utility knife with a 1¼-inch blade, which was photographed. Petitioner was charged in a misbehavior report with possessing a weapon and, following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Initially, although petitioner raises a substantial evidence argument in his brief before this Court, his failure to include that argument in his petition renders his claim unreviewable (see Matter of Kalwasinski v Bezio, 83 AD3d 1313, 1314 [3d Dept 2011]; Matter of Johnson v Goord, 297 AD2d 881, 881 [3d Dept 2002]; see also Matter of Morales v Fischer, 89 AD3d 1346, 1346 n [3d Dept 2011]; Matter of Dawes v McClellan, 225 AD2d 830, 831 [3d Dept 1996]).[FN1] To the extent that his procedural claims are preserved for our review, we find that petitioner was not denied the right to any relevant requested documentary evidence. The record reflects that petitioner's employee assistant read him the preliminary unusual incident report, satisfying that obligation (see Matter of Knight v Rodriguez, 217 AD3d 1300, 1301 [3d Dept 2023]; Matter of James v Venettozzi, 201 AD3d 1288, 1290 [3d Dept 2022]) and petitioner failed to demonstrate that the Department of Corrections and Community Supervision (hereinafter DOCCS) directive related to the unusual incident report was relevant to the charge.[FN2] Petitioner's list of requested documents reflects that the log books were issued to him and, when asked at the hearing, he did not contend that he had not received them or the related DOCCS directive, thereby failing to preserve any claim in this regard (see Matter of Davis v Annucci, 140 AD3d 1432, 1433 [3d Dept 2016], appeal dismissed 28 NY3d 1109 [2016]). Further, petitioner's requests for the disciplinary record of the correction officer who searched him in the medical facility and the Hearing Officer's Reference Book were properly denied as irrelevant (see Matter of Legette v Rodriguez, 213 AD3d 1066, 1067-1068 [3d Dept 2023]).
Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Contrary to respondents' contention, petitioner was not required to preserve his substantial evidence challenge on his administrative appeal, as that issue is one for this Court to address in the first instance (see CPLR 7803 [4]; CPLR 7804 [g]). However, a petitioner must raise a substantial evidence contention in his or her petition for CPLR article 78 relief in order for this Court to consider it (compare Matter of Wilson v Annucci, 205 AD3d 1163 [3d Dept 2022]; Matter of Woodward v Selsky, 43 AD3d 1209 [3d Dept 2007]). To this point, we note that respondents sought to have the proceeding transferred based upon their assertion that petitioner was raising such a claim, an argument that it seemingly disavows in its brief before this Court. Accordingly, while we agree that petitioner failed to raise a substantial evidence contention in his petition and, thus, the matter was improvidently transferred to this Court, we nevertheless retain jurisdiction and consider the merits of his properly raised claims in the interest of judicial economy (see Matter of Bonds v Annucci, 166 AD3d 1250, 1250 n [3d Dept 2018]).

Footnote 2: Notably, the record does not reflect, and the petition did not allege, that petitioner made a Freedom of Information Law request (see Public Officers Law art 6) with DOCCS for copies of DOCCS Directive No. 4004 governing unusual incident reports or any other documents (see Public Officers Law § 87 [2]; compare Matter of Flores v Fischer, 110 AD3d 1302, 1302-1303 [3d Dept 2013], lv denied 22 NY3d 861 [2014]).