■ In the Matter of GERALD H. STOLLER et al., Appellants, et al., Petitioners, v. BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD et al., Respondents. In the Matter of MARTIN SCHILDKRAUT et al., Respondents-Appellants, v. BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD, Respondent, and HUMAN RESOURCES SCHOOL, Appellant-Respondent.— These are appeals in two proceedings pursuant to article 78 of the CPLR. The appeals are hereby consolidated. In the first above-entitled proceeding, which is to annul a determination of respondent Board of Zoning and Appeals, dated August 26, 1970, granting respondent Human Resources School a certificate permitting it to construct an addition to its existing school on the subject property, petitioners other than Martin and Rosalyn Schildkraut appeal from a judgment of the Supreme Court, Nassau County, entered May 5, 1971, which

dismissed the petition as to the appealing petitioners on the ground that they were not aggrieved persons and thus lacked standing to institute the proceeding. In the second above-entitled proceeding, which is to annul a further determination of respondent Board of Zoning and Appeals, dated June 9, 1971, reaffirming the above-mentioned determination of August 26, 1970, Human Resources School and petitioners cross-appeal, by permission, from an order of the Supreme Court, Nassau County, dated November 1, 1971, which denied the motion of Human Resources School, in which said Board of Zoning and Appeals joined, to dismiss the "supplemental" petition and remanded the matter to said board for consideration and determination, after a hearing, of the number of accessory parking spaces which may be located within the residentially-zoned portion of the subject property, and the location of such spaces. Judgment in the first above-entitled proceeding affirmed, without costs. No opinion. Order in the second above-entitled proceeding modified, on the law, by striking therefrom the second decretal paragraph, which remanded the proceeding to the Board of Zoning and Appeals, and by substituting therefor a provision that the board's determination dated June 9, 1971 is confirmed. As so modified, order affirmed, without costs. The subject property, a parcel of approximately 16.32 acres, is located in two use districts. The most northerly portion is zoned Business "AA" to a depth of 490 feet and encompasses slightly more than seven acres. The balance of the property, approximately 9.5 acres, is within a Residence "A" district. The entire plot is used by three interrelated organizations, to wit: Human Resources Center, a training and research group functioning as the parent organization; Abilities, Inc., which operates a light manufacturing plant in the business district, for which it employs handicapped and disabled persons; and one of the parties herein, Human Resources School, which provides training and educational facilities for the handicapped and disabled. The school is the lessee of the entire parcel. Most of the existing school facility is located in the business-zoned portion of the property. Similarly, under the site plan, approximately 95% of the addition to the school will be located in the business-zoned sector, while the balance will overlap into the residentially-zoned area. Since the proposed structure would displace approximately 140 existing parking spaces in the business-zoned area, the site plan makes provision for the incorporation of approximately 300 parking spaces in the residentially-zoned area. In our opinion, substantial evidence was adduced at the hearing before the Board of Zoning and Appeals to justify its issuance of the certificate permitting construction of the addition to the school. By proposing to place 95% of the addition in the business-zoned or northerly sector of the subject property, the sponsors of the project are endeavoring to keep to a minimum any inconvenience or annoyance that might subsequently inure to persons living in homes abutting the residentially-zoned or southerly portion of the property. Furthermore, since a school, or an addition thereto, may be erected in either use district under case law, we are unable to ascertain, under the circumstances present herein, any reason why the proposed facility may not be erected so as to straddle both use districts. Concededly, a light manufacturing plant employing handicapped persons is located on the subject property. However, it is evident that this commercial enterprise is but a singular means used in the overall training and placement of handicapped individuals. The Human Resources School, the lessee of the entire tract, is, in fact, operating the entire compound solely for eleemosynary and educational purposes. In short, we consider this to be an entire educational complex of which the manufacturing plant is but one integral part. Furthermore, since the entire com-

plex is being used solely to educate and train the handicapped and the disabled, we are of the opinion that the sponsors of the plan for the school addition and the zoning board were correct in disregarding the boundary line separating the residential area from the business area in arriving at the number of parking spaces permitted under the plan. In this view of the case it was unnecessary to determine the spaces to be allocated to each of the activities and it is, therefore, unnecessary to remand the case a second time for further proof on that issue. Shapiro, Gulotta and Benjamin, JJ., concur; Hopkins, Acting P. J., concurs in the affirmance of the judgment in the first above-entitled proceeding, but otherwise dissents and votes to affirm the order in the second above-entitled proceeding, with the following memorandum, in which Munder, J., concurs: In my opinion, the determination of the Special Term in the second proceeding, the one brought only by the Schildkrauts, was correct.