■ In the Matter of ALBERT KEMPERLE, INC., et al., Appellants, v ROBERT J. GUNTHER et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to set aside a condition imposed upon a variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered January 27, 1987, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

In 1979, Albert Kemperle was the owner of a parcel of land zoned as an "R-1" residential district. He applied for, and was granted, a variance to maintain a parking lot for use only by his employees during the day. In 1984, the petitioner applied for a building permit to construct a roof over the parking area. This application was also granted and the construction commenced. On or about August 6, 1984, the permit was revoked and a stop-work order was issued on the ground that the construction was in violation of the terms of the 1979 variance. At a hearing, it was determined that the structure was approximately 85% completed and consisted of three walls which supported a roof. After the hearing, the respondent Zoning Board of Appeals of the Incorporated Village of Valley Stream determined that the structure should be permitted to stand, with the condition that doors never be put on the structure so that it would not be fully enclosed. This condition was apparently imposed based upon the fear of neighboring residents that Kemperle would store volatile chemicals in the area, which he used in his business, which was situated on the parcel adjacent to the parking lot.

The petitioners now seek judicial review of the condition imposed upon the variance, arguing that such a condition is unreasonable based upon the intended use of the premises.

The petition was properly dismissed. Based upon this record, it appears that the petitioners are attempting to turn the variance, which allows them to maintain an employee parking

lot, into one which would enable them to build a garage. Since the petitioners never applied for, and were never granted, such a variance, the condition which prevents them from fully enclosing the structure is not unreasonable. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.