■ In the Matter of ARNOLD W. PROSKIN et al., Appellants, v JEAN DONOVAN, as Chairperson of the Town of Colonie Zoning Board of Appeals, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered July 28, 1988 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Colonie Zoning Board of Appeals finding petitioners in violation of an existing conditional use variance and denying their request for a variance to permit the violation to exist.

In 1984, a use variance was granted for the subject property in the Town of Colonie, Albany County, to permit it to be utilized as a professional law office in a residential zone. The variance was expressly made subject to various conditions, among which were that the variance was of limited duration, expiring August 1, 1994 (condition 13 [h]), and that "[t]he present exterior design and appearance of the building shall not be altered, except as required by ordinary maintenance thereof" (condition 13 [c]). Subsequently the same year, petitioners entered into a contract to purchase the property for occupancy by the law firm of petitioner Arnold W. Proskin. They applied to respondent Town of Colonie Zoning Board of Appeals (hereinafter the Board) to eliminate the condition limiting the variance to a 10-year duration. The Board treated the request as one for a rehearing of the original application and, upon such, deleted the time limitation, but expressly reconfirmed the remaining conditions.

Petitioners thereafter submitted plans to the town Building Department with an application for a building permit. The plans provided in the alternative that the existing, dilapidated white clapboard siding of the building would be replaced with the identical siding or with white aluminum or vinyl siding similar in form to the clapboard. The plans were approved and a building permit issued. During the course of renovation, however, petitioners, without further application for approval, replaced the clapboard siding with a stone, reddish/brown granite facade. On objections by a community property owners' association, the Building Department determined that the change violated condition 13 (c) of the variance and ordered it removed. Petitioners appealed to the Board, alternatively seeking an interpretation of condition 13 (c), under which the granite facade would not be considered a change in "the present exterior design or appearance", or a variance or modification of that condition to permit the change.

When the Board rejected petitioners' request and determined that they had violated condition 13 (c) of the variance by installing the granite facing, petitioners commenced the instant CPLR article 78 proceeding to annul the Board's determination. They appeal from Supreme Court's dismissal of their petition.

There should be an affirmance. Petitioners initially attack the determination on the ground that the Board, without authority in the zoning ordinance, engaged in improper architectural or aesthetic review in interpreting condition 13 (c) to bar replacement of the white clapboard siding with reddish/brown granite. As so interpreted, petitioners argue, condition 13 (c) is void because it is a condition unrelated to the proposed professional office use (citing, *inter alia, Matter of St. Onge v Donovan,* 71 NY2d 507, 516). We disagree. First, to the extent that petitioners' objections relate to the facial validity of condition 13 (c), they are foreclosed by their failure to timely challenge it when the Board reconfirmed that condition in ruling on their 1984 application *(see, Town of Somerset v Perry,* 115 AD2d 313, *affd* 67 NY2d 1014).

Moreover, the law is clear that conditions may be attached to the granting of a use variance to lessen the impact of the proposed use on the character of the neighborhood and that such conditions may relate to the outward appearance of the subject premises. Thus, in *Matter of St. Onge v Donovan (supra),* the Court of Appeals upheld various such conditions to a use variance in an agricultural-residential district as a valid manifestation of "concern that the use of the property not disrupt the rural atmosphere of the surrounding area" *(supra,* at 518). There was ample evidence in the record for the Board to conclude that the abandonment of the white clapboard appearance by petitioners impinged on similar concerns. As Supreme Court correctly noted, the record establishes that petitioners' building is located in the Town of Colonie's most restricted residential area and is also within the Loudonville Historic District. Some 35 structures within that District are listed on the National Register of Historic Places, and the building itself is of historical significance. Historic factors are valid considerations in zoning regulation *(Salvatore v City of Schenectady,* 139 AD2d 87, 89-90). Thus, it was entirely rational for the Board to have found that, in replacing the clapboard siding, which had apparently been the facade of the building for many years, with a reddish/brown granite one, petitioners altered the "exterior * * * *appearance* of the building" (emphasis supplied) in violation of the express terms of

condition 13 (c) of the variance. Nor was this prohibition unconstitutionally vague *(see, Salvatore v City of Schenectady, supra,* at 90). Thus, the Board's finding of a violation of condition 13 (c) must be upheld, despite the fact that petitioners may have honestly interpreted the condition as being less restrictive.

Finally, pointing to references in the Board's decision that petitioners' expense in removing and replacing the granite facade was a self-imposed hardship, they argue that the Board improperly applied the stringent requirements for a use variance to petitioners' alternative request for a modification of condition 13 (c). Petitioners argue that the "practical difficulties" test for an area variance should have been applied. This argument is unpersuasive. First, the Board's decision was not based exclusively on the self-imposed hardship doctrine and clearly did not apply use variance criteria when it eliminated condition 13 (h) on petitioners' previous application. Moreover, petitioners' application would fail even under the less severe requirements for granting an area variance. As an area variance request, the Board could properly disregard petitioners' expense in having to dismantle the granite facade because any such practical difficulty was self-created *(see, Matter of RRI Realty Corp. v Hattrick,* 132 AD2d 558; *Matter of CDK Rest. v Krucklin,* 118 AD2d 851, 852). Moreover, as the Board specifically found, there was a failure of proof. The record clearly establishes that, "denial of the present application * * * would not result in practical difficulties in the utilization of the structure * * * since the variances have been sought merely to accommodate a chosen aesthetic design" *(Matter of RRI Realty Corp. v Hattrick, supra,* at 558). Thus, whether an application to remove or modify a condition in the grant of a use variance is to be adjudged as one for a further use variance, an area variance or simply under the test of reasonableness *(see, Matter of Albert Kemperle, Inc. v Gunther,* 133 AD2d 269, 270, *lv denied* 72 NY2d 804; *Cohen v Borough of Fair Lawn,* 85 NJ Super 234, 204 A2d 375), the Board's determination had a rational basis and was supported by substantial evidence and, therefore, cannot be overturned *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 608).

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.