■ In the Matter of DEBORAH SEGAL, Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF BETHEL et al., Respondents. [594 NYS2d 459] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Zoning Board of Appeals of the Town of Bethel which denied petitioner's application for a well permit.

In 1981 petitioner and her husband purchased a 75-foot by 100-foot lot in the Town of Bethel, Sullivan County. The lot was improved by a seasonal dwelling. Sometime thereafter petitioner began to winterize the premises so that the dwelling could be used as a year-round residence by herself and her three children. In 1989 a new septic system was installed on the property. Petitioner contends that the contractor who installed the system obtained a permit, but respondent Zoning Board of Appeals of the Town of Bethel (hereinafter respondent) contends that no permit was issued. In any event, it is undisputed that the septic system does not meet the 10-foot property line setback requirement, and petitioner's engineer conceded that the system only has approximately 70% of the

absorption area required for a two-bedroom house. According to petitioner, the house has three bedrooms.

In September 1991, petitioner's application to install a drilled well on the premises was denied by the Town's Building Inspector because the proposed well site did not meet the required 100-foot separation from the septic system. Petitioner thereafter applied to respondent for a variance from the 100-foot separation requirement. After hearings and consideration of various materials submitted by petitioner and her engineer, respondent denied the application, resulting in this proceeding by petitioner.

The local zoning board has discretion in considering applications for variances and its determination will be sustained if it has a rational basis and is supported by substantial evidence in the record (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 311). Respondent denied petitioner's application based upon public health concerns, but petitioner contends that the record provides no basis for such concerns. In particular, petitioner points out that her engineer submitted a proposal which would minimize the potential for any contamination of the proposed well and that the State Health Department had approved the proposal with certain conditions, which petitioner agreed to meet. Respondent found, however, that the proposed well was only 80 feet from the leach field of the existing septic system; that the existing septic system has less than the minimum required absorption area and is not properly set back from the property lines; that any expansion or correction of the existing septic system would necessarily reduce the 80-foot separation between the leach field and the proposed well; and that installation of the proposed well would encourage year-round use of the premises which would strain the existing inadequate septic system, creating the potential for failure of the system which might pollute nearby wells. Having identified these legitimate concerns, which are supported by substantial evidence in the record, respondent has established that strict compliance with the 100-foot separation requirement will further important governmental concerns in this case and, therefore, the determination must be confirmed (see, Matter of Lund v Town Bd., 162 AD2d 798, 800).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.