■ In the Matter of Philip A. Sabatino et al., Respondents, v Julie Denison, as Zoning Chairperson of the City of Albany Board of Zoning Appeals, et al., Appellants. [610 NYS2d 383] — Mercure, J. Appeal from a judgment of the Supreme Court (Spain, J.), entered April 30, 1993 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent City of Albany Board of Zoning Appeals denying petitioners' request for a certificate of occupancy.

In 1984, petitioners sought to extend their existing restaurant and tavern business into the basement of premises at the corner of Quail Street and Western Avenue in the City of

Albany for use as a business known as LP's Dance Club. In that connection, petitioners applied to respondent City of Albany Board of Zoning Appeals (hereinafter the Zoning Board) for a variance from the requirements of the City's zoning ordinance with respect to parking. At hearings conducted March 19, 1984 and April 2, 1984, there was discussion of a number of available parking lots, including a gas station on an opposite corner of Quail Street and Western Avenue that would accommodate 40 cars, a location on the corner of Quail Street and Elberon Place that would hold 50 to 60 cars, a vacant lot at 40-42 Elberon Place, leased from Pauline Nealon, that would accommodate 41 cars, and the basement of Chapman Stained Glass Studio, with the capacity for 25 to 30 cars. On July 16, 1984, the Zoning Board unanimously approved the application, finding that petitioners had provided for the parking of approximately 64 vehicles, which was in excess of the requirements of the zoning ordinance. The only condition imposed by the Zoning Board was that petitioners obtain approval from the City of Albany Common Council for use of the vacant parcels on Elberon Place, due to the fact that they were in a residential zone. Petitioners thereafter sought and obtained the necessary approvals from the Common Council and, on February 25, 1985, from the Zoning Board for parcels at 35-41 and 23-25 Elberon Place* rather than the property at 40-42 Elberon Place.

Petitioners discontinued LP's Dance Club in June 1991 and in 1992 sought to reopen the business under the trade name of Oasis. On May 1, 1992, the City Building Commissioner denied issuance of the necessary certificate of occupancy upon the ground that the July 1984 Zoning Board approval "contained specific conditions relative to the provision of adequate parking on an adjacent lot on Elberon Place and a vacant lot on the northeast corner of Quail Street and Western Avenue * * * [which] can, no longer, be complied with in that the larger of the parking lots has been developed as a commercial building site". Petitioners then applied to the Zoning Board for an interpretation of the July 1984 variance approval. After a public hearing, the Zoning Board rendered a determination upholding the Building Commissioner's decision. This CPLR article 78 proceeding ensued and, following joinder of issue, Supreme Court granted the petition and annulled respondents' determination. Respondents appeal.

---

* There is no question that 23-25 Elberon Place is no longer available for parking due to the construction of an apartment building on it.

There should be an affirmance. We agree with Supreme Court that the Zoning Board's July 1984 approval contained but one condition, that petitioners apply to the Common Council for a variance permitting the use of residentially zoned lots on Elberon Place for parking. Petitioners obtained approval not only from the Common Council but from the Zoning Board itself for the use of 23-25 and 35-41 Elberon Place as parking facilities for the dance club. We are not persuaded by respondents' argument that petitioners could satisfy the condition only with the property at 40-42 Elberon Place, a site respondents now contend was not acceptable in any event because of its extreme slopes, and not with the equally proximate, larger and geographically superior parcel at 35-41 Elberon Place. We disapprove of respondents' assumption that every item discussed at the public hearings on the application became an express condition of the approval. To the contrary, it was the Zoning Board's obligation to clearly state the conditions it required petitioners to adhere to in connection with the approval *(see, Holmes v Planning Bd.,* 78 AD2d 1, 32; *South Woodbury Taxpayers Assn. v American Inst. of Physics,* 104 Misc 2d 254, 259). As a final matter, there is no evidence that the parking plan actually implemented by petitioner was not in full compliance with the zoning ordinance. Under the circumstances, we conclude that respondents' determination to deny a certificate of occupancy is not supported by a rational basis *(cf., Matter of O'Keefe v Donovan,* 199 AD2d 681; *Matter of Segal v Zoning Bd. of Appeals,* 191 AD2d 873, 874; *Matter of Proskin v Donovan,* 150 AD2d 937, *lv denied* 75 NY2d 702).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, with costs.