■ In the Matter of CHRIS R. E. KUMPEL et al., Appellants, v HAROLD WILSON et al., Constituting the Zoning Board of Ap-

peals of the Town of Ballston, Respondents. [660 NYS2d 482] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 20, 1996 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on the ground of legal insufficiency.

Petitioners commenced a CPLR article 78 proceeding in 1995 challenging respondents' refusal to remove a condition placed upon the granting of an area variance to petitioners in 1993. The variance permitted petitioners to build a 24-foot by 30-foot garage, on their property in the Town of Ballston, Saratoga County, despite setbacks of less than the minimum otherwise permitted by the Town Zoning Law, on the condition that the structure be used only as a garage for storage and was not to be used for living or office quarters. No challenge to the conditions imposed was brought by petitioners in 1993.

The issue was renewed by petitioners when they sought to have the living quarters restriction removed and sought permission to build a carport on the property. No action was taken by respondents on the request and this CPLR article 78 proceeding followed. Respondents moved to dismiss the petition on the ground of legal insufficiency. Supreme Court granted the motion and dismissed the petition, finding neither illegality, arbitrariness or abuse of discretion in respondents' actions. This appeal ensued.

Petitioners are in effect objecting to the 1993 decision of respondents the challenge to which has long ago expired (*see, Matter of Proskin v Donovan*, 150 AD2d 937, *lv denied* 75 NY2d 702). We thus conclude that petitioners' present contention that respondents had no right to impose a condition on use of the garage structure as a living or office space is foreclosed on Statute of Limitations grounds. Were we to consider the contention, we would nonetheless reject it. The Zoning Board of Appeals is entitled to impose reasonable conditions in granting an area variance (*see,* Town Law § 267-b; Town of Ballston Zoning Law § 26.2).

We have considered the other contentions raised by petitioners and find them to be without merit.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.