■ In the Matter of PAUL HOFFMANN, JR., et al., Respondents, v THOMAS E. GUNTHER et al., Appellants. ROBERT MOTZKIN et al., Intervenors-Appellants. [666 NYS2d 685] —In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Zoning Board of Appeals of the Town of Mamaroneck, dated March 29, 1996, revoking a building permit, and holding, *inter alia,* that a side-yard variance previously granted in 1979 was "granted on the condition that construction proceed in strict conformance with plans filed with the 1979 application", and (2) so much of a determination of the Zoning Board of Appeals of the Town of Mamaroneck, dated April 17, 1996, as denied the petitioners' application for a side-yard variance, the appeals are from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered September 27, 1996, which vacated and annulled so much of the determination of the Zoning Board of Appeals of the Town of Mamaroneck, dated April 17, 1996, as denied the petitioners' application for a side-yard variance, granted the subject variance to the petitioners, and directed the issuance of a building permit and certificate of occupancy.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof which directed the Zoning Board of Appeals of the Town of Mamaroneck to issue a side-yard variance, and substituting therefor a provision declaring that no side-yard variance is required, and (2) adding a provision thereto annulling the finding of the Zoning Board of Appeals of the Town of Mamaroneck in its determination dated March 29, 1996, that the 1979 variance was "granted on the condition that construction proceed in strict conformance with plans filed with the 1979 application"; as so modified, the judgment is affirmed, with costs payable to the respondents by the intervenors-appellants.

The petitioners' house, which was constructed in the 1920's, prior to the enactment of the current zoning ordinance, does not conform with the requirements in the current zoning

ordinance for lot area and side yards. In 1979 the petitioners applied for a side-yard variance to construct an addition to the house. The Zoning Board of Appeals of the Town of Mamaroneck (hereinafter the ZBA) granted the variance. In so doing, the ZBA noted that the side-yard variance was granted "to allow the construction" of an addition "in strict conformance with plans filed with this application provided that the applicant complies in all other respects with the Zoning Ordinance and Building Code of the Town of Mamaroneck".

In 1995 the petitioners applied for a building permit to replace the existing flat roof on the 1979 addition with a gabelled roof, which did not exceed the height permitted by the zoning ordinance. The application was granted, and construction proceeded nearly to completion, at which time two of the petitioners' neighbors raised objections to the granting of the building permit. After a hearing, and after consulting the minutes of the proceedings leading to the granting of the 1979 variance, the ZBA, in its determination dated March 29, 1996, revoked the building permit. In reaching that determination, the ZBA held, inter alia, that (1) the 1979 construction "was not nonconforming, because the 1979 variance permitted it", thus "any future change to the [addition] would * * * not constitute a change to a nonconforming use", (2) the 1979 variance "states that the variance is granted on the condition that construction proceed in strict conformance with plans filed with the 1979 application", and (3) a new survey prepared after the building inspector issued the building permit indicated that the 1979 construction encroached on the required front-yard setback, requiring a variance for the front yard.

The petitioners applied for front-yard and side-yard variances, and the ZBA, in its determination dated April 17, 1996, granted the variance for the front yard, but denied the variance for the side yards on the ground that "the detriment to the community exceeds the benefit to the applicant". This proceeding pursuant to CPLR article 78 ensued.

The Supreme Court, in ruling in favor of the petitioners, noted that the petitioners raised a "plausible" argument that the "1995 changes to the roof were in conformity with the local Zoning Ordinance and therefore satisfied the requirements of the 1979 Variance". However, the Supreme Court did not annul the determination of the ZBA that a side-yard variance was required. Rather, it ruled that the denial of the side-yard variance was improper because it was not supported by substantial evidence.

We conclude that a side-yard variance was not required for

the 1995 construction. As the ZBA noted in its determination dated March 29, 1996, when the side-yard variance was granted in 1979, the petitioner's property ceased to be nonconforming (*see, Matter of Borer v Vineberg,* 213 AD2d 828; *Matter of Concerned Citizens v Board of Appeals,* 173 AD2d 615). The ZBA had the authority to attach conditions to the granting of the area variance (*see, Matter of Kumpel v Wilson,* 241 AD2d 882). However, it also had the obligation to clearly state any conditions imposed, so that the petitioners, their neighbors, and Town officials, would be fully aware of the nature and extent of any conditions imposed (*see, Matter of Sabatino v Denison,* 203 AD2d 781, 783; *Matter of Proskin v Donovan,* 150 AD2d 937, 939; *South Woodbury Taxpayers Assn. v American Inst. of Physics,* 104 Misc 2d 254, 259), without reference to the minutes of the proceeding leading up to the granting of the variance (*see, South Woodbury Taxpayers Assn. v American Inst. of Physics, supra,* at 259). Here, it is not apparent from the language of the 1979 resolution granting the side-yard variance, that the variance was granted on condition that the petitioners leave the addition constructed in accordance with the plans on file unchanged in perpetuity. Nor did the 1979 variance impose any height conditions other than those imposed by the zoning ordinance.

Since the project in issue here was within the height limitations of the zoning ordinance, did not deviate from or increase the building's footprint, and did not encroach upon the required side yards established by the 1979 variance, once the ZBA granted the necessary front-yard variance, it should have authorized issuance of a building permit and a certificate of occupancy. Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.