■ In the Matter of TODD ANDERSON et al., Appellants, v TOWN OF CLARENCE et al., Respondents. [740 NYS2d 907] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Mintz, J.), entered January 30, 2001, which dismissed the CPLR article 78 petition after a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent Town Board of the Town of Clarence (Board) to reissue a special exception use permit (permit) on the ground that the revocation of petitioners' previous permit was arbitrary and capricious. Supreme Court erred in dismissing the petition. The Board revoked the permit based on "a violation of the conditions established for such permit." The Board did not state any other basis for the revocation in its written decision. The court determined following a trial, however, that the permit was properly revoked both because petitioners violated conditions attached to the permit and because petitioners' business did not "fall within any of the categories set forth in a Major Arterial District." Judicial review of the determination should have been limited to the sole stated basis for the revocation, i.e., that petitioners had violated conditions attached to the permit (*see generally Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y.*, 75 NY2d 997, 1000). Moreover, we do not address the alternative ground set forth by the court because it involves issues of fact that petitioners had no opportunity to address either before the Board or at trial.

We agree with petitioners that the revocation of the permit

was arbitrary and capricious because in fact no conditions were attached to the permit. The record establishes that the Board granted the permit "subject to stipulations of the Planning Board" and that the Planning Board itself did not issue any stipulations. According to the testimony at trial, the alleged stipulations were "the description of the use by the applicant" in discussions before the Planning Board. The municipal authority approving a special exception use permit must "clearly state the conditions it require[s] petitioners to adhere to in connection with the approval" (*Matter of Sabatino v Denison*, 203 AD2d 781, 783). Such conditions "must be expressed with sufficient clarity to inform an applicant of the limitations on the use of his land and cannot incorporate by reference statements of the applicant at the hearing" (*Suburban Club of Larkfield v Town of Huntington*, 57 Misc 2d 1051, 1056, *affd* 31 AD2d 718, *lv denied* 24 NY2d 739; *see Matter of Rochester Historical Socy. v Crowley*, 14 AD2d 490; *South Woodbury Taxpayers Assn. v American Inst. of Physics*, 104 Misc 2d 254, 259). We therefore conclude that the determination that petitioners violated conditions attached to the permit was arbitrary and capricious, and we reverse the judgment and grant the petition. Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.